PD-1214-15

PD-1214-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 11/9/2015 2:09:02 PM
Accepted 11/10/2015 4:22:45 PM
ABEL ACOSTA
CLERK

## THE COURT OF CRIMINAL APPEALS OF TEXAS; AUSTIN, TEXAS

**NATHAN BURGESS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**
**ON APPEAL IN CAUSE NO. 05-14-00216-CR**
**FROM COURT OF APPEALS DALLAS TX**

**APPELLANT'S SECOND MOTION TO EXTEND TIME TO FILE HIS BRIEF**

FILED IN
COURT OF CRIMINAL APPEALS

November 10, 2015

ABEL ACOSTA, CLERK

granted to
1-18-16
PC
(( -12-15

**TO THE HONORABLE JUSTICES OF THE COURT OF APPEALS OF TEXAS:**

Pursuant to TEX. R. APP. P., 10.1, 10.5(b), and 38.6(d), Indigent Appellant, NATHAN

BURGESS files his Second Motion to Extend Time for Filing Appellant's Brief, and in

support of his motion he shows the following:

Appellant's appeal brief is currently due on **NOVEMBER 17TH, 2015.**

Appellant now requests a **sixty (60) day extension** of time to file Appellant's brief,

making the brief due on or about **January 17th, 2015, or a time permitted by the**

**court based on the following criteria beyond the control of appellant:**

*Appellant relies on the following reasons to explain the need for the extension:*

- Appellant's Counsel, Attorney Alan Kramer Taggart, withdrew July 16th, 2014 from

the case. It has been determined that Attorney Taggart had been improperly

appointed. Attorney Taggart never filed an application in 2013 or 2014 to be added

to the master list of attorneys from which court appointments are lawfully made in

Collin County per the Fairness Act. Appellant therefore believes that Attorney

**NO. 05-14-00216-CR NATHAN E BURGESS VS. THE STATE OF TEXAS**

Taggart was professionally and legally unqualified to represent, as Collin County places certain requirements on appointed attorneys (e.g., continuing education). Appellant is very concerned that court staff conspired to his detriment. Unfortunately, Judge Corinne Mason refused to consider this any kind of violation of Appellant's rights and no mention was made of new trial, she then recused herself on July 18th, 2014 after appointing Mr. Schultz on July 16th, 2014 from the bench.

The clerk's office shows the court officially appointed Attorney William Schultz on July 22nd, 2014, to represent Appellant on appeal in the place of Attorney Taggart. Appellant began immediately on July 16th, 2014 to attempt contact with his new counsel. Again, Appellant's brief was due in the Dallas COA approximately the next week. After many unsuccessful attempts to reach Attorney Schultz at his own number, Appellant contacted the Office of Indigent Defense in Collin County. The secretary was able to locate Attorney Schultz. Appellant and Attorney Schultz communicated very briefly on the phone, for a period of approximately two minutes. Attorney Schultz immediately told Appellant that he was busy, he had no time, and there would be no physical meeting to discuss the case. Appellant was professional and courteous. When Appellant objected, Attorney Schultz informed Appellant that he had no options. Appellant would have no say at all in the matter and hung up the telephone. Plaintiff never had a physical meeting with Mr. Schultz. During a hearing, while in the courtroom, Attorney Taggart had suggested that he had spoken prior with Attorney Schultz. Attorney Schultz' unprofessional behavior made this apparent. Appellant is very concerned for his liberty. Appellant has maintained his

**NO. 05-14-00216-CR  NATHAN E BURGESS VS. THE STATE OF TEXAS**

innocence and has remained fully convinced that – if not for an improper conspiracy and corruption in the courtroom and others – his case would have been thrown out even before it began. Appellant understood that his brief was due promptly and the appointed attorney needed to give attention to the case so that he could understand the case from appellant's viewpoint, not only from the ambiguously written stories on the record. Appellant got into communication with the State Bar of Texas, the Office of Indigent Defense, and the State Commission on Judicial Conduct. Appellant also attempted to work with Judge Mason and Judge Barnett walker to force communication between his appointed counsel and himself. Otherwise, Appellant wanted to have another attorney who would properly advocate for him, as required by the State Bar of Texas and the Office of Indigent Defense in Collin County via the Fairness Act. Appellant believed that he was and still is due a new trial, due to the misconduct among the court staff and legal representation by an attorney unqualified for appointment in 2012, 2013 and 2014, by the Office of Indigent Defense according to the indigent coordinator. However, Appellant does not know how to effect this outcome. At this point, Attorney Schultz has manifested his unwillingness and inability to be of any great help, so Appellant is now busy concerning himself with his own pursuit of justice.

Appellant sought to recuse the Appellant Counsel on several occasions, both by submitting DISMISS AND SUBSTITUTION OF COUNSEL requests to the Collin County Court at Law and The COA in Dallas, without success; he was told he could not have

**NO. 05-14-00216-CR  NATHAN E BURGESS VS. THE STATE OF TEXAS**

hybrid representation and would have to keep the court appointed attorney. Consequently, Appellant had to keep Mr. Schultz until now.

Currently, Appellant has sought since September 21st, 2015 to dismiss the attorney, Mr. Schultz. He has had to even threaten a lawsuit to inspire Mr. Schultz to send him the file from which he wrote the Appellant brief, but to date, Appellant has only received approximately 18 pages from the attorney. The 18 pages include the COA Memorandum, and a larger quantity of pages from a random site with some print out of rules and regulations of sorts. Appellant believes he has a right to use he complete file to write his Appeal Brief and it appears to Appellant that his ex court appointed attorney is seeking to do damage to Appellant's chances of writing a successful and winning appeal brief. He has been contacted repeatedly requesting these files and has said he has no files to transfer. Appellant wants to know which files he used to write the appeal brief; and can not imagine how the attorney could have known the extents of law that might be applicable as relating to the constitutional issues involved in his case, as well as details that occurred that are of major importance to the truth of the testimony given during testimony and cross examination without a record to work.

Appellant will not delve into the labyrinth of personal injuries that this attorney has caused Appellant, however, he will simply say, he has not been represented in a professional manner worthy of a career attorney. For example, the case involves Mens Rea, Intentionally, Willingly, Knowingly, which was not, required elements of

**NO. 05-14-00216-CR  NATHAN E BURGESS VS. THE STATE OF TEXAS**

the prosecution, however, it was added, yet not proven by the prosecution during trial, nor considered in the COA opinion, unless that is the reason for the lack of evidence to convict in the Conclusions of law in the next to last paragraph of the memorandum opinion, however, the appointed attorney did not challenge mens rea in his appeal brief. He attorney now will not turn over the file so Appellant can have a fair chance at writing his appeal brief to challenge the prosecution on this issue. Obviously, the Appointed Attorney is doing what he can, intentionally or negligently, to hinder Appellant's success. He was on file as representing attorney during plenary power of COA, yet did nothing to move the court to reconsider, he only sat silently, and now refuses to withdraw as counsel, seemingly holding Appellant hostage for some unknown reason, or simply to try to control and harass the appellant.

The appointed attorney has also been made aware that the COA Dallas, has made Appellant aware that he has not formally withdrawn from the case, even though he has no intention of filing any documents with the court, and Appellant has "Fired" the Attorney written clearly in an email, and consistently told the attorney he does not want his representation past his unsuccessful attempt at the COA appeal brief. Even the COA found there was not sufficient evidence to convict the Appellant in their conclusion of law, however, affirmed the County decision.  So, by not passing along the file as necessary; by not withdrawing from the COA Case presently in this Court, he is hindering the timely work of the Appellant and causing personal injury to Appellant, and delay in this court, and Appellant has to now seek the grace and

**NO. 05-14-00216-CR  NATHAN E BURGESS VS. THE STATE OF TEXAS**

favor of the court for additional time to attain the complete and accurate copy of the record, which should have been diligently provided to him by this attorney, Mr. William Schultz. Appellant will need time to ascertain these files, write his brief, therefore, he is requesting from the court to not be placed in a position of having to attempt to write his appeal without all available case files, and adequate time to write his brief.

Also, the attorney did not request the court reporters to provide court transcripts of all court hearings, or the reporters have not followed such requests by filing the original copies of all files in this instant criminal case with the County Court at Law Clerks Office in a timely manner, based on the fact that this case has now passed 3 years old as of July 13th, 2015. Appellant has left voice messages and afterward he has sent follow-up notices in email form to most all the court reporters that have been associated with this case, and have only received and answer from one reporter, but even she was not obliged to provide these documents without considerable legwork from Appellant. Appellant will need time to get all these reporters records which were not asked for and provided for which should have been part of the attorney's record, or possibly, they simply were not provided by the associated court reporters of this case. Plaintiff would not be in this situation if the attorney would have simply done his job, then the file would be complete and when presented to Appellant upon completion of the attorney's work, Appellant would have already received the complete file and he would have been ready to begin the brief to be filed timely. Appellant has up to this last week, as the court is aware from

**NO. 05-14-00216-CR  NATHAN E BURGESS VS. THE STATE OF TEXAS**

the many phone calls, been in contact with these individuals and even the County Clerk at Law Office without success at getting a complete record; he has a partial record, but not a complete record, which is necessary to write an accurate, persuasive, and forceful appeal.

Appellant has contacted the prosecutor's office, Mr. John Rolater, and has been kept him informed of these missing documents for the last three weeks, as well as, other altered, and / or forged documents in the file; as well as, missing documents from Judge Mary Murphy that authorized 3 recusal hearings, as well as, the court transcripts of those hearings. There does not seem to be a record even in the Clerks Records making reference to these hearings. Also, the three dismissals, (withdrawals), of the court appointed attorneys have valuable information critical to Appellant's case brief. Appellant desires all records to present to the court and does not believe that he should be made to proceed until all the files are available for review before this court. These are not tactical issues with Appellant himself, but with the trial court, and post trial hearings, and Mr. Schultz, the appointed attorney that Appellant has tried to dismiss without success. Even the trial attorney, Mr. Taggart has made Appellant aware that he still has retained case records and has those files in his possession. (Mr. Taggart did provide a file after his dismissal, however, Appellant can not be certain as to the completeness of that file. Mr. Taggart was ordered by the court to turn all files over to Mr. Schultz, however, Mr. Schultz says he never received any files and does not have any files). Appellant has

**NO. 05-14-00216-CR  NATHAN E BURGESS VS. THE STATE OF TEXAS**

requested, and then demanded the return of all his files, but has not received them at this time.

Plaintiff could write more, but will refrain since this is simply a motion for an extension of time to file his Appellant Brief, and not a brief against his conviction.

**WHEREFORE, PREMISES CONSIDERED,** Indigent Appellant requests that this Court grant this Motion and extend the date for Appellants to file his brief by no less than sixty (60) days or a time permitted by the court based on circumstances beyond the control of Appellant, being up to and including **January 17th, 2016**. Indigent Appellant additionally requests all other relief to which he may be entitled, including ordering all parties at this late date to provide the documents to Appellant without cost so that he may write his brief to this court, and ordering proof of the qualifications of the court appointed trial attorney, Mr. Taggart. Plaintiff believes the complete record will prove to the court that his case should be dismissed or new trial ordered in a different venue.

Respectfully submitted,

Nathan Earl Burgess 4101 S Custer Road, Apt 3313
McKinney, TX 75070 Tel: (972) 971-8361 Fax: (972) 232-2356
Email: pilotschoice@hotmail.com

**NO. 05-14-00216-CR  NATHAN E BURGESS VS. THE STATE OF TEXAS**

**CERTIFICATE OF SERVICE**

Pursuant to TEX. R. APP. P. 9.5, I certify that a true copy of Appellant's Motion to Extend Time to File Brief was served on Appellee's Attorney, John R. Rolater, Jr., via electronic email on November 9th, 2015 in a manner allowed by the rules:

John R. Rolater, Jr. Collin County District Attorney's Office

Appellate Division 2100 Bloomdale Road, Suite 100

McKinney, TX 75071 (972) 548-4323 (972) 424-1460 (metro) (214) 491-4860 (fax) Email: *jrolater@co.collin.tx.us*

Nathan E. Burgess

Nathan Earl Burgess 4101 S Custer Road, Apt 3313

McKinney, TX 75070 Tel: (972) 971-8361 Fax: (972) 232-2356

Email: pilotschoice@hotmail.com

**NO. 05-14-00216-CR NATHAN E BURGESS VS. THE STATE OF TEXAS**

**NO. 05-14-00216-CR NATHAN E BURGESS VS. THE STATE OF TEXAS**

From: **Nathan Burgess** pilotschoice@hotmail.com
Subject: RE: Transcripts, 001-86625-2012, (002-86625-2012)
Date: November 5, 2015 at 4:56 PM
To: jdugger@co.collin.tx.us

NB

Thank you,

If you can make the original and get that to the county court at law clerks office. Then we can work on the copies needed for the court and appeal.

Thank you

Nathan Burgess

> From: jdugger@co.collin.tx.us
> To: pilotschoice@hotmail.com
> Subject: RE: Transcripts, 001-86625-2012, (002-86625-2012)
> Date: Thu, 5 Nov 2015 21:25:58 +0000
>
> Mr. Burgess: The hearing dates I've been able to find where this case was heard in the 296th District Court are 8-19-14, 9-3-14 and 9-18-14. If there are other dates, please let me know. Thanks.
>
> Jan Dugger
> Official Court Reporter
> 296th District Court
> 2100 Bloomdale Road
> McKinney, TX 75071
> Phone: (972) 548-4407
> jdugger@co.collin.tx.us
>
> -----Original Message-----
> From: Nathan Burgess [mailto:pilotschoice@hotmail.com]
> Sent: Thursday, November 05, 2015 3:20 PM
> To: Jan Dugger
> Cc: Nathan Burgess
> Subject: Transcripts, 001-86625-2012, (002-86625-2012)
>
> Janet Duggar,
>
> Good Day Ma'am
>
> Per the JVCC Compliance Staff I'm writing this request to you to politely request the documents that you recorded in my case in Collin County specifically the recusal of Judge Barnett Walker, and any other recording that you have associated with my case, cited as 001-86625-2012, or 002-8625-2012. Judge Corrine Mason and Judge Barnett Walker.
>

\>

\> Nathan Burgess requests copies of the transcripts from all hearings that you were responsible for in his case cited as STATE OF TEXAS V. NATHAN EARL BURGESS, CASE NO. 001-86625-2012, 002-86625-2012.

\>

\> These items were recorded in the 296th District Court at Law Judge John Roach, the initial record begins on August 15th, 2014. You should have a record of all associated activity.

\>

\> These items should have all been requested by the court appointed attorney William Schultz.

\>

\> Please provide the original of the documents according to law to the Collin County At Law Clerks Office, prior to outsourcing these to the court, or myself, or Prosecutors office.

\>

\> I was approved as indigent with appoint attorney so this should be without costs to me personally.

\>

\> I am sure that the Court of Appeals of Texas In Austin Texas will also be requiring these documents as well, so I would appreciate as expeditious service as possible.

\>

\> The appeal is due November 17th, 2015 or as the court permits extension.

\>

\> Please advise as to when you can these documents available that were not provided in the Clerks Record. Remember, the rule is that the original must be filed with the Clerks Office before otherwise distributing.

\>

\> Thank you,

\>

\> I am sure you have all the records as to what files need to be provided; I am requesting any and all files related to the case including recusals, Attorney Dismissals, and substitutions, and Or withdrawals; specifically to William Schultz, I realize this file may take you a time to provide, but please advise as to exact time that I can request extension of the Court of Appeals. If year not responsible for a particular file, such that a substitute reporter was providing service to the court on a particular day, please make myself and the court aware of such deviation of duty.

\>

\> Thank you,

\>

\> Nathan Burgess

\> Appellant

\> 972-971-8361

\>

\> PS If any questions or if you care to advise do not hesitate to contact me via email or phone as provided. Thank you.

From: **Thomas Mullins** tmullins@co.collin.tx.us  📎
Subject: RE: Burgess, 001-86625-2012
Date: November 9, 2015 at 9:51 AM
To: Nathan Burgess pilotschoice@hotmail.com

Please read attached letter to this email.
Thanks,

Thomas Mullins, CSR
County Court At Law No. 1
2100 Bloomdale Road, Suite 20364
McKinney, Texas 75071
(972) 548-3866
tmullins@co.collin.tx.us
-----Original Message-----
From: Nathan Burgess [mailto:pilotschoice@hotmail.com]
Sent: Thursday, November 05, 2015 3:02 PM
To: Thomas Mullins
Subject: Burgess, 001-86625-2012

Thomas Mullins,

Good Day Sir.

Nathan Burgess requests copies of the transcripts from all hearings that you were responsible for in his case cited as STATE OF TEXAS V. NATHAN EARL BURGESS, CASE NO. 001-86625-2012.

These items should have all been requested by the court appointed attorneys, Dale Rose, Stapleton, Alan Taggart, or William Schultz. I know you are well familiar with these Court Appointed Attorneys, (Taggart was not qualified as Court appoint attorney).

Please provide these documents to the Colin County At Law Clerks Office in the original form.

I was approved as indigent with appoint attorney so tis should be without costs to me personally.

I am sure that the Court of Appeals of Teas In Austin Texas will also be requiring these documents as well, so I would appreciate as expeditious service as possible.

The appeal is due November 17th, 2015 or the court permits extension.

Please advise as to when you can these documents available that were not provided in the Clerks Record. I believe the rule is that the original must be filed with the Clerks Office before otherwise distributing.

Thank you Sir,

I am sure you have all the records as to what files need to be submitted; I am requesting any and al files related to the case including Attorney Dismissals and substitutions and Or withdrawals; specifically relating to attorneys Rose, Stapleton,  and Taggart… I realize this is a huge file and may take you a time to provide, but please advise as to exact time that I can request extension of the Court of Appeals.

Thank you,

Nathan Burgess
Appellant
972-971-8361

PS If any questions or if you care to advise you can contact me via email or phone as provided. Thank you Sir...



Burgess Response.doc



# Thomas Mullins, CSR
COUNTY COURT AT LAW NO. 1
Collin County Courthouse
2100 Bloomdale Road, Suite 20364

McKinney Texas 75071
(972) 548-3866

Dear Mr. Burgess:

Please address any future correspondence, if any, to work e-mails and phone numbers. In response to your voice messages and e-mails, please be advised of the following:
1. Pursuant to Tex.R.App.P 34.6(b)(1), the court reporter needs a request in writing and Designation of Record to prepare the Reporter's Record; and
2. Pursuant to Tex.R.App.P 35.3(a)(2) and (b)(3), the court reporter must be contacted for fee arrangements to be made for the preparation of the Reporter's Record or a presumption of indigence met under Tex.R.App P 20.2.

Since your appellate record has been completed and under Tex.R.App.P 34.6(b)(1) all hearings requested have been filed with the Fifth Court of Appeals, there is no pending authorization to transcribe and/or file either pre or post undesignated hearings upon application made after the completion of the appellate process. Further, all Affidavits of Payment that were approved by the County have been fulfilled. There will not be further authorization until there are actionable proceedings.

In response to your statement that an Original Reporter's Record should be filed under law with the clerk, pursuant to Tex.R.App. P 34.5(h), a Certified Copy of the Reporter's Record must be filed with the clerk only in 1) criminal cases 2) cases on appeal 3) matching the Reporter's Record filed through TAMES as sent to the Court of Appeals. All of the authorized and designated records that were to be included in your appellate record have been timely filed and are available for you to check out through the clerk. We are unable to accept a new Designation of Record on your appeal at this time until there is pending proceedings in a higher court. Your appeal is currently dispositive in the Fifth Court of Appeals.

Should you need to request Certified Copies of either untranscribed or previously transcribed Reporter's Records, you may do so by 1) sending a request in writing describing the dates and hearings you would like a transcript of 2) and making direct fee arrangements to pay for such transcripts yourself.

Kindest Regards,

Thomas Mullins, CSR
Official Court Reporter

From: **Nathan Burgess** pilotschoice@hotmail.com
Subject: Re: Burgess Transcripts, 001-86625-2012, or 002-86625-2012
Date: November 6, 2015 at 5:57 PM
To: Kristen Kopp kkopp@co.collin.tx.us



Ms Kopp,

Thank you for your response,

I am in communications with the JVCC Compliance Office and am aware of the rules.

Yes, I am still without costs and would be glad to file whatever paperwork you need to get paid by the arresting county.

The case is not in the 5th COA but Court of Appeals of Texas, so yes all transcriptions are necessary on appeal.

I was informed to ask you for the transcripts and to contact the Court if necessary to attain these files for the appeal.

It appears as if you are a lawyer as well as a court reporter.

Please let me know what document you need to provide these documents.

Yes, the rules are clear about criminal trials and case hearings belong in the County Clerks Record, so I am asking you to make the original copy available to the Clerk immediately or as soon as possible.

Please give me an estimate of the time it can all be provided.

The current date set before the Court of Appeals of Texas id November 17th, 2015l however I will seek an extension of time to file based on my attorney's incompetent behavior. He should have known the files were needed but did not do his duty owed to me as a client.

Please let me know what I need to do, what documents you have that have not been transcribed and filed with he clerks record.

I would like everything outstanding transcribed with original to be filed with clerk and additional provided to me for the appeal.

Thank you

Nathan Burgess
972-971-8361

PS I have no other email for you and was given this emil via the JVCC Compliance Office. If you prefer another email, you will need to provide it. Otherwise I will use the one you have provided with your license to practice as a court reporter.

Also, I am not asking for you to authorize any additional work by you, it isn't your job to authorize anything, so I am not seeking your authorization. I will be seeking the Court of Appeals order to do so if necessary.

So if you will just simply make the copies available to the clerks office as requested in the original form according to law I'd appreciate it very much. Then we can work on getting me a copy to write my appeal due for in 10 days.

Please let me know if you have questions or concerns…

> On Nov 6, 2015, at 5:35 PM, Kristen Kopp <kkopp@co.collin.tx.us> wrote:
>
> Hello, Mr. Burgess:
>
> Please address any future correspondence, if any, to work e-mails and phone numbers.
> In response to your voice messages and e-mails, please be advised of the following:
>   1. Pursuant to Tex.R.App.P 34.6(b)(1), the court reporter needs a request in writing and Designation of Record to prepare the Reporter's Record; and
>   2. Pursuant to Tex.R.App.P 35.3(a)(2) and (b)(3), the court reporter must be contacted for fee arrangements to be made for the preparation of the Reporter's Record or a presumption of indigence met under Tex.R.App.P 20.2.
> Since your appellate record has been completed and under Tex.R.App.P 34.6(b)(1) all hearings requested have been filed with the Fifth Court of Appeals, there is no pending authorization to transcribe and/or file either pre or post undesignated hearings upon application made after the completion of the appellate process. Further, all Affidavits of Payment that were approved by the County have been fulfilled. There will not be further authorization until there are actionable proceedings.

not be further authorization until there are actionable proceedings.

In response to your statement that an Original Reporter's Record should be filed under law with the clerk, pursuant to Tex.R.App.P 34.5(h), a Certified Copy of the Reporter's Record must be filed with the clerk only in 1) criminal cases 2) cases on appeal 3) matching the Reporter's Record filed through TAMES as sent to the Court of Appeals. All of the authorized and designated records that were to be included in your appellate record have been timely filed and are available for you to check out through the clerk. We are unable to accept a new Designation of Record on your appeal at this time until there is pending proceedings in a higher court. Your appeal is currently dispositive in the Fifth Court of Appeals.

Should you need to request Certified Copies of either untranscribed or previously transcribed Reporter's Records, you may do so by 1) sending a request in writing describing the dates and hearings you would like a transcript of
2) and making direct fee arrangements to pay for such transcripts yourself.

Kindest Regards,
*Kristen S. Kopp*, RPR, CRR, CSR #8782
Official Court Reporter
County Court at Law No. 2
2100 Bloomdale Road, Suite 10344
McKinney, Texas 75071
972.548.3823

NOTE: All email correspondence relating to pending cases will be filed with the County Clerk for inclusion in the record of the case. Any communication to the Court or staff via email must comply with Rules 21 and 21a, T.R.C.P. Please review the provisions of Canon 3B(8) of the Code of Judicial Conduct should you need any clarification about what constitutes *Ex Parte* Communication before any communication with the judge or court personnel.

**This electronic communication (including any attached document) may contain privileged and/or confidential information. If you are not an intended recipient of this communication, please be advised that any disclosure, dissemination, distribution, copying, or other use of this communication or any attached document is strictly prohibited. If you have received this communication in error, please notify the sender immediately by reply e-mail and promptly destroy all electronic and printed copies of this communication and any attached document.

---

**From:** Kristen Kopp [mailto:kk.reporting@me.com]
**Sent:** Thursday, November 05, 2015 5:00 PM
**To:** Kristen Kopp
**Subject:** Fwd: Burgess Transcripts, 001-86625-2012, or 002-86625-2012

Begin forwarded message:

> **From:** Nathan Burgess <pilotschoice@hotmail.com>
> **Date:** November 5, 2015 at 3:30:12 PM CST
> **To:** kk.reporting@me.com
> **Subject: Burgess Transcripts, 001-86625-2012, or 002-86625-2012**

Kristen Kopp,

Good Day Ma'am

Per the JVCC Compliance Staff I'm writing this request to you to politely request the documents that you recorded in my case in Collin County specifically the recusal of Judge Barnett Walker, and any other recording that you have associated with my case, cited as 001-86625-2012, or 002-8625-2012. Judge Corrine Mason and Judge Barnett Walker.

Nathan Burgess requests copies of the transcripts from all hearings that you were responsible for in his case cited as STATE OF TEXAS V. NATHAN EARL BURGESS, CASE NO. 001-86625-2012, 002-86625-2012.

These items were recorded during the hearings associated with he cases cited above. The initial record begins after July 21st, 2014 to present date, November 5th, 2015. Please provide any court reporters records that you may be in possession of from the prior hearings associated with this case. You should have a record of all associated activity. If You do not have possession of the hearings, please advise as to exactly what transcripts or the stenography that you have in your possession relating to this case.

These items should have all been requested by the court appointed attorney William Schultz, or other prior legal representatives such as Attorneys Dale Rose, Jered Stapleton, or Alan Taggart.

Please provide the original of the documents according to law to the Collin County At Law Clerks Office, prior to outsourcing these to the court, or myself, or Prosecutors office.

I was approved as indigent with appoint attorney so this should be without costs to me personally.

I am sure that the Court of Appeals of Texas In Austin Texas will also be requiring these documents as well, so I would appreciate as expeditious service as possible.

The appeal is due November 17th, 2015 or as the court permits extension.

Please advise as to when you can these documents available that were not provided in the Clerks Record. Remember, the rule is that the original must be filed with the Clerks Office before otherwise distributing.

Thank you,

I am sure you have all the records as to what files need to be provided; I am requesting any and all files related to the case including recusals, Attorney Dismissals, and substitutions, and Or withdrawals; specifically to William Schultz, I realize this file may take you a time to provide, but please advise as to exact time

realize this file may take you a time to provide, but please advise as to exact time that I can request extension of the Court of Appeals. If year not responsible for a particular file, such that a substitute reporter was providing service to the court on a particular day, please make myself and the court aware of such deviation of duty.

Thank you,

Nathan Burgess
Appellant
972-971-8361

PS If any questions or if you care to advise do not hesitate to contact me via email or phone as provided. Thank you.

From: **Kristen Kopp**  kkopp@co.collin.tx.us
Subject: FW: Burgess Transcripts, 001-86625-2012, or 002-86625-2012
Date: November 6, 2015 at 5:35 PM
To: pilotschoice@hotmail.com

Hello, Mr. Burgess:

Please address any future correspondence, if any, to work e-mails and phone numbers.
In response to your voice messages and e-mails, please be advised of the following:

1. Pursuant to Tex.R.App.P 34.6(b)(1), the court reporter needs a request in writing and Designation of Record to prepare the Reporter's Record; and

2. Pursuant to Tex.R.App.P 35.3(a)(2) and (b)(3), the court reporter must be contacted for fee arrangements to be made for the preparation of the Reporter's Record or a presumption of indigence met under Tex.R.App.P 20.2.

Since your appellate record has been completed and under Tex.R.App.P 34.6(b)(1) all hearings requested have been filed with the Fifth Court of Appeals, there is no pending authorization to transcribe and/or file either pre or post undesignated hearings upon application made after the completion of the appellate process. Further, all Affidavits of Payment that were approved by the County have been fulfilled. There will not be further authorization until there are actionable proceedings.

In response to your statement that an Original Reporter's Record should be filed under law with the clerk, pursuant to Tex.R.App.P 34.5(h), a Certified Copy of the Reporter's Record must be filed with the clerk only in 1) criminal cases 2) cases on appeal 3) matching the Reporter's Record filed through TAMES as sent to the Court of Appeals. All of the authorized and designated records that were to be included in your appellate record have been timely filed and are available for you to check out through the clerk. We are unable to accept a new Designation of Record on your appeal at this time until there is pending proceedings in a higher court. Your appeal is currently dispositive in the Fifth Court of Appeals.

Should you need to request Certified Copies of either untranscribed or previously transcribed Reporter's Records, you may do so by 1) sending a request in writing describing the dates and hearings you would like a transcript of
2) and making direct fee arrangements to pay for such transcripts yourself.

Kindest Regards,
*Kristen S. Kopp,* RPR, CRR, CSR #8782
Official Court Reporter
County Court at Law No. 2
2100 Bloomdale Road, Suite 10344
McKinney, Texas 75071
972.548.3823

NOTE: All email correspondence relating to pending cases will be filed with the County Clerk for inclusion in the record of the case. Any communication to the Court or staff via email must comply with Rules 21 and 21a, T.R.C.P. Please review the provisions of Canon 3B(8) of the Code of Judicial Conduct should you need any clarification about what constitutes *Ex Parte* Communication before any communication with the judge or court personnel.

**This electronic communication (including any attached document) may contain privileged and/or confidential information. If you are not an intended recipient of this communication, please be advised that any disclosure, dissemination, distribution, copying, or other use of this communication or any attached document is strictly prohibited. If you have received this communication in error, please notify the sender immediately by reply e-mail and promptly destroy all electronic and printed copies of this communication and any attached document.

Begin forwarded message:

> **From:** Nathan Burgess <pilotschoice@hotmail.com>
> **Date:** November 5, 2015 at 3:30:12 PM CST
> **To:** kk.reporting@me.com
> **Subject: Burgess Transcripts, 001-86625-2012, or 002-86625-2012**
>
> Kristen Kopp,
>
> Good Day Ma'am
>
> Per the JVCC Compliance Staff I'm writing this request to you to politely request the documents that you recorded in my case in Collin County specifically the recusal of Judge Barnett Walker, and any other recording that you have associated with my case, cited as 001-86625-2012, or 002-8625-2012. Judge Corrine Mason and Judge Barnett Walker.
>
> Nathan Burgess requests copies of the transcripts from all hearings that you were responsible for in his case cited as STATE OF TEXAS V. NATHAN EARL BURGESS, CASE NO. 001-86625-2012, 002-86625-2012.
>
> These items were recorded during the hearings associated with he cases cited above. The initial record begins after July 21st, 2014 to present date, November 5th, 2015. Please provide any court reporters records that you may be in possession of from the prior hearings associated with this case. You should have a record of all associated activity. If You do not have possession of the hearings, please advise as to exactly what transcripts or the stenography that you have in your possession relating to this case.
>
> These items should have all been requested by the court appointed attorney William Schultz, or other prior legal representatives such as Attorneys Dale Rose, Jered Stapleton, or Alan Taggart.
>
> Please provide the original of the documents according to law to the Collin County At Law Clerks Office, prior to outsourcing these to the court, or myself, or Prosecutors office.
>
> I was approved as indigent with appoint attorney so this should be without costs to me personally.

I am sure that the Court of Appeals of Texas In Austin Texas will also be requiring these documents as well, so I would appreciate as expeditious service as possible.

The appeal is due November 17th, 2015 or as the court permits extension.

Please advise as to when you can these documents available that were not provided in the Clerks Record. Remember, the rule is that the original must be filed with the Clerks Office before otherwise distributing.

Thank you,

I am sure you have all the records as to what files need to be provided; I am requesting any and all files related to the case including recusals, Attorney Dismissals, and substitutions, and Or withdrawals; specifically to William Schultz, I realize this file may take you a time to provide, but please advise as to exact time that I can request extension of the Court of Appeals. If year not responsible for a particular file, such that a substitute reporter was providing service to the court on a particular day, please make myself and the court aware of such deviation of duty.

Thank you,

Nathan Burgess
Appellant
972-971-8361

PS If any questions or if you care to advise do not hesitate to contact me via email or phone as provided. Thank you.

**From:** **Nathan Burgess** pilotschoice@hotmail.com
**Subject:** Burgess Transcripts, 001-86625-2012, or 002-86625-2012
**Date:** November 5, 2015 at 3:30 PM
**To:** KK.REPORTING@ME.COM

Kristen Kopp,

Good Day Ma'am

Per the JVCC Compliance Staff I'm writing this request to you to politely request the documents that you recorded in my case in Collin County specifically the recusal of Judge Barnett Walker, and any other recording that you have associated with my case, cited as 001-86625-2012, or 002-8625-2012. Judge Corrine Mason and Judge Barnett Walker.

Nathan Burgess requests copies of the transcripts from all hearings that you were responsible for in his case cited as STATE OF TEXAS V. NATHAN EARL BURGESS, CASE NO. 001-86625-2012, 002-86625-2012.

These items were recorded during the hearings associated with he cases cited above. The initial record begins after July 21st, 2014 to present date, November 5th, 2015. Please provide any court reporters records that you may be in possession of from the prior hearings associated with this case. You should have a record of all associated activity. If You do not have possession of the hearings, please advise as to exactly what transcripts or the stenography that you have in your possession relating to this case.

These items should have all been requested by the court appointed attorney William Schultz, or other prior legal representatives such as Attorneys Dale Rose, Jered Stapleton, or Alan Taggart.

Please provide the original of the documents according to law to the Collin County At Law Clerks Office, prior to outsourcing these to the court, or myself, or Prosecutors office.

I was approved as indigent with appoint attorney so this should be without costs to me personally.

I am sure that the Court of Appeals of Texas In Austin Texas will also be requiring these documents as well, so I would appreciate as expeditious service as possible.

The appeal is due November 17th, 2015 or as the court permits extension.

Please advise as to when you can these documents available that were not provided in the Clerks Record. Remember, the rule is that the original must be filed with the Clerks Office before otherwise distributing.

Thank you,

I am sure you have all the records as to what files need to be provided; I am requesting any and all files related to the case including recusals, Attorney Dismissals, and substitutions, and Or withdrawals; specifically to William Schultz, I realize this file may take you a time to provide, but please advise as to exact time that I can request extension of the Court of Appeals. If year not responsible for a particular file, such that a substitute reporter was providing service to the court on a particular day, please make myself and the court aware of such deviation of duty.

Thank you,

Nathan Burgess
Appellant
972-971-8361

PS If any questions or if you care to advise do not hesitate to contact me via email or phone as provided. Thank you.

# MESSER, CAMPBELL & BRADY

A LIMITED LIABILITY PARTNERSHIP

## ATTORNEYS

6351 PRESTON ROAD, SUITE 350
FRISCO, TEXAS 75034
972.424.7200 - TELEPHONE
972.424.7244 - FACSIMILE
www.mcblawfirm.net

August 3, 2012

**_Via CM RRR # 7010 2780 0003 1172 0757_**
The Honorable Greg Abbott
Attorney General of Texas
Open Records Division
P.O. Box 12548
Austin, Texas 78711-2548

> Re:    *Public Information Requests ("Requests") to the City of Murphy, Texas by Drew Burgess*

Dear General Abbott:

On July 20, 2012, at 1:05 p.m., Drew Burgess ("Requestor" or "Burgess") sent the City of Murphy ("City") a request ("Request") for records and information, a copy of which is enclosed as *Exhibit A*, and reads as follows:

> Description: Dashboard video from every police vehicle on scene at 720 Paint Creek Road, Murphy, TX for the past 12 months, including audio. Also provide the names of every officer who has visited the property at any time in the past 12 months. Provide the names of the dispatch personnel who fielded calls pertaining to the aforementioned property. Provide names of individuals who have placed calls to dispatch regarding the property at the aforementioned address, along with summaries of each call. Provide copies of any and all forms of communication - emails, letters, audio, video, etc - concerning the property at 720 Paint Creek Drive or the previous residents (Shaun, Nathan, Drew, and Nadia Burgess) at any point in the past 12 months.

The City believes that a portion of the requested records and information are excepted from required disclosure pursuant to the Public Information Act (the "Act") and requests a determination from your office confirming that the portion of the requested records are exempt from public disclosure pursuant to certain exceptions provided in the Act.

The City received the Request on July 20, 2012, copies of which are shown in *Exhibit A*, which constitutes evidence of the date that the City received the Request under Section 552.301(e)(1)(C) of the Texas Government Code.

The Honorable Greg Abbott
Attorney General of Texas
Page 2

Section 552.301(b) of the Texas Government Code prescribes that a written request for an Attorney General's ruling must be made within ten (10) business days after the date the governmental body receives the written request for information. Accordingly, this request for a ruling is timely and made in accordance with Section 552.301(b).

Further, in compliance with Section 552.303 of the Texas Government Code, copies of the records responsive to the request are being produced to your office. The City refers to 720 Paint Creek Road, Murphy, Texas as the "Property" herein. A full copy of the requested records the City claims to be exempt from public disclosure are marked as follows:

|  |  |
|---|---|
| Exhibit B. | Incident and Arrest Reports with the Names of Investigating Officers |
| Exhibit C. | Call Reports with the Names of Dispatchers, 911 Callers, & Officers |
| Exhibit D. | Voluntary Third Party Witness Statements |
| Exhibit E. | Attorney-Client Communications |
| Exhibit F. | Informer Emails to the Chief of Police |
| Exhibit G. | Interagency Communication between Chief of Police and Constable |
| Exhibit H. | Interagency Communication between Police and County |
| Exhibit I. | Internal Notations of Law Enforcement |
| Exhibit J. | Original Dashboard Video and Audio (sampling) |
| Exhibit K. | Audio recording of telephone calls to Police Department |

Pursuant to Section 552.301(d) of the Texas Government Code, a copy of this letter is being sent to the Requestor.

## Brief of Law in Support of Exception

The City contends that certain information in the requested records is exempt from disclosure based upon the Texas Government Code, Chapter 552, Sections 552.101 (Texas Health and Safety Code, Chapter 772, Section 772.318), 552.103, 552.107, 552.108, 552.111, 552.119, 552.130, 552.137, 552.152, 552.226.

*General Application to all requested records and information*

*Litigation Exception Under §552.103(a)*

Section 552.103(a) excepts from public disclosure "information relating to litigation of a civil or criminal nature to which the state or a political subdivision is or may be a party or to which an officer or employee of the state or a political subdivision, as a consequence of the person's office or employment, is or may be a party." Further, litigation must be pending or "reasonably anticipated" and the information must relate to that litigation for this exception to apply. *Univ. of Tex. Law Sch. v. Tex. Legal Found.*, 958 S.W.2d 479, 481 (Tex. App.—Austin 1997, no pet.); *Heard v. Houston Post Co.*, 684 S.W.2d 210, 212 (Tex. App.—Houston [1st Dist.]

1984, writ ref'd n.r.e.). The father of the Requestor has already claimed that he has been subjected to "false imprisonment." **See Ex. K, Tract 3.** The father of the Requestor has told a representative of the police department, Officer Kucauskas, that "this fight aint gonna go down the hill anytime soon." **Ex. K, Tracts 4&5.** He directly stated that he wanted all records involving the property from the last three months to be preserved, that he wanted to file a formal complaint, and then that they [he and his sons to include requestor] *are* filing a complaint. *Id.* Because of these remarks and the actions of the Requestor, the City anticipates the filing of a civil suit in this matter.

### Law Enforcement Exception Under §552.108(a)(1)

Additionally, Section 552.108(a)(1) excepts from disclosure "information held by a law enforcement agency or prosecutor that deals with the detection, investigation, or prosecution of crime...if...release of the information would interfere with the detection, investigation, or prosecution of crime." Tex. Gov't Code Sec. 552.108(a)(1). All of the information requested is related to a criminal prosecution pending at the time of request. This information should therefore be excepted from public disclosure. *Houston Chronicle Publ'g Co. v. City of Houston*, 531 S.W.2d 177 (Tex. Civ. App.—Houston [14th Dist.] 19 75), writ ref'd n.r.e. per curiam, 536 S.W.2d 559 (Tex. 1976). The Murphy Police Department ultimately wrote two citations and made an arrest during the events surrounding the Property and the Burgesses. The first citation is numbered E206987 for obstructing highway or other passageway, and the second citation is numbered E206986 for Littering which was subsequently charged as a class B misdemeanor for illegal dumping. See also, arrest report with other pending charges attached as **Exhibit B**. These charges are still pending at this time. See copy of citations under **Exhibit E**. Furthermore, there is a possibility that additional charges could be brought against the requestor and the requestor's father as the statute of limitations for misdemeanors has not passed. Please see letter from the Collin County DA's Office attached hereto, the City will also supplement with letters from the Municipal Prosecutor and Chief of Police.

These exceptions apply to all of the documents in **Exhibits B through K**, and the City asserts them accordingly and asks for a determination that these may be withheld.

### Specific Application

1) **Dashboard video from every police vehicle on scene at 720 Paint Creek Road, Murphy, TX for the past 12 months, including audio.**

### Law Enforcement Exception Under §552.108(a)(1)

An example of the CDs containing video and audio material from the police vehicle for the past 12 months is attached as **Exhibit J** to this submission. This is the City's original CD, which is write-protected and unable to be copied. The City asserts that these video and audio CDs are

excepted from disclosure in their entirety as described herein. Texas Government Code § 552.108(a)(1) excepts from disclosure "information held by a law enforcement agency or prosecutor that deals with the detection, investigation, or prosecution of crime...if...release of the information would interfere with the detection, investigation, or prosecution of crime." Tex. Gov't Code Sec. 552.108(a)(1). The information requested is related to a pending criminal prosecution, as above stated. This information should therefore be excepted from public disclosure. *Houston Chronicle Publ'g Co. v. City of Houston*, 531 S.W.2d 177 (Tex. Civ. App.— Houston [14th Dist.] 19 75), writ ref'd n.r.e. per curiam, 536 S.W.2d 559 (Tex. 1976). The dashboard video and audio in **Exhibit J.1** was recorded during an arrest which still carries pending criminal charges, and is therefore a pending criminal prosecution. A sampling of the dashboard videos (to include 8 total videos) in **Exhibit J.2** represents the police investigation into possible criminal activity on the Property which resulted in a probable cause determination to issue citations and are therefore also related to a pending criminal prosecution and disclosure of such would interfere with ongoing investigations. Disclosure of this information would interfere with the prosecution and investigation of these or other offenses. See Open Records Decision No. 2008-13878; No. 09411 (2009).

### Confidentiality of Motor Vehicle Records Exception Under §552.130

Section 552.130 excepts from disclosure "information that relates to...a motor vehicle operators or driver's license or permit issued by an agency of this state or a motor vehicle title or registration issued by an agency of this state." TEX. GOV'T CODE § 552.130. **Exhibit J** was recorded on a write-protected disk and therefore the originals have been sent to your office and attached herein. The City is unable to redact this information from the video in question because of the method of recording and therefore requests that the entire video be excluded from disclosure in order to protect this information.

### Confidentiality of Information Concerning Public Employee or Officer Exception Under §552.152

The dashboard video and audio also contains an indication of the name and badge number of the officers whose vehicle is at the Property. The City requests that the names of the officers be excepted from disclosure, and therefore the entire CDs be excepted from disclosure since they cannot be redacted, because there is a legitimate concern that disclosure would likely put the officers in substantial threat of physical harm. Section 552.152 excepts from disclosure "information in the custody of a governmental body that relates to an employee or officer...if...disclosure of the information would subject the employee or officer to a substantial threat of physical harm." *See* Open Records Decision No. 2009-10494; Open Records Decision No. 2010-00009. The officers who "visited" or investigated the Property would likely be endangered by the public disclosure of their names. In particular, the subject of the officers' investigation of the Property is an individual who has made direct threats of violence to officers at the Murphy Police Department, specifically to the Chief of Police, and the requestor himself,

the individual's son, has also made a direct threat. See **Exhibit K, Tracts 7 & 8**. Other parties have described this individual as "unstable" and "violent," including a licensed psychiatric nurse. See Informer Emails to Chief of Police in **Exhibit F**. The individual was quoted in the newspaper that "there is a big bomb coming their [the City's] way." *See* Farwell, Scott, *Murphy Eviction Case*, DALLAS MORNING NEWS, June 27, 2012. The individual is the father of the requestor herein and therefore he is highly likely to review the obtained information. The City believes that this poses a substantial threat of physical harm to the officers and would request a determination that this information be withheld for that purpose.

### *Confidential Information Exception Under §552.101*

The dashboard video and audio also contains the identity of third party witnesses to the actions which culminated in citations. Section 552.101 of the Texas Government Code which excepts from disclosure "information considered to be confidential by law, either constitutional, statutory, or by judicial decision." According to the Texas Attorney General Open Records Letter No. 2004-08297 (2004), the informer's privilege, incorporated into the Public Information Act (the "Act") by Section 552.101, has long been recognized by Texas courts. *Aguilar v. State*, 444 S.W.2d 935, 937 (Tex. Crim. App. 1969); *Hawthorne v. State*, 10 S.W.2d 724, 725 (Tex. Crim. App. 1928); See also, *Roviaro v. United States*, 353 U.S. 53 (1957). It protects from disclosure the identities of persons who report activities over which the governmental body has criminal or quasi-criminal law-enforcement authority. Open Records Decision Nos. 515 at 3 (1988), 208 at 1-2 (1978). The informer's privilege protects the identities of individuals who report violations of statutes to the police or similar law-enforcement agencies, as well as those who report violations of statutes with civil or criminal penalties to "administrative officials having a duty of inspection or of law enforcement within their particular spheres." Open Records Decision No. 279 at 2 (1981) (citing Wigmore, Evidence, § 2374, at 767 (McNaughton rev. ed. 1961)). The report must be of a violation of a criminal or civil statute. *See* Open Records Decision Nos. 582 at 2 (1990), 515 at 4-5 (1988). These are third party witnesses who approached the officers and reported apparent violations of the law that potentially will support charges for criminal offenses, as mentioned above and attached herein and therefore the video should be withheld on this basis.

### *Removal of Original Record Exception Under §552.226 and Production of Public Information Exception Under §552.221(a)*

In the event that your office determines that the dashboard video is somehow not excepted from disclosure, the City requests a further determination that it is not required to email a copy of this video to the requestor. The size of the video file would make it technologically impossible to transfer via email. Further, the CDs in **Exhibit J** are write-protected and the City would have no method of copying such CDs in its possession. According to Section 552.226 of the Texas Government Code, the Act does not require the City to release the original copy of the requested videos. Therefore, the City seeks a determination that in the event the video is deemed disclosable, the City will make the video available for inspection by the requestor, and the

requestor may take notes. See TEX. GOV'T CODE § 552.221(a); Open Records Decision No. 512 at 1 (1988).

> **2) Names of every officer who has visited the property at any time in the past 12 months.**

### Law Enforcement Exception Under §552.108

Documents that would be responsive to this request include call records, incident reports, and the arrest report contained in **Exhibits B & C**. The City requests that the names of the officers be excepted from disclosure because there is a legitimate concern that disclosure would likely put the officers in substantial threat of physical harm, as previously stated. In addition to the names of the officers being in the call records, incident reports, and the arrest report in **Exhibits B & C**, narrative information is contained in the incident and arrest reports that will be used in the prosecution of a crime and therefore should be excepted from disclosure under Section 552.108(a)(1) or 552.108(b)(1). Section 552.108(a)(1) excepts from disclosure "information held by a law enforcement agency or prosecutor that deals with the detection, investigation, or prosecution of crime...if...release of the information would interfere with the detection, investigation, or prosecution of crime." TEX. GOV'T CODE § 552.108(a)(1). Section 552.108(b)(1) excepts from disclosure "an internal record or notation of a law enforcement agency or prosecutor that is maintained for internal use in matters relating to law enforcement or prosecution...if release of the internal record or notation would interfere with law enforcement or prosecution." TEX. GOV'T CODE § 552.108(b)(1).

The information requested is related to a pending criminal prosecution. This information should therefore be excepted from public disclosure. *Houston Chronicle Publ'g Co. v. City of Houston*, 531 S.W.2d 177 (Tex. Civ. App.—Houston [14th Dist.] 1975), writ ref'd n.r.e. per curiam, 536 S.W.2d 559 (Tex. 1976). As previously stated, these charges are still pending at this time and any notes that are indicated on the arrest and incident reports will be used in the prosecution, as well as the names of officers and therefore the City requests to withhold these exhibits in their entirety as disclosure would provide the defendant with an advantage at trial and would allow the defendant to circumvent the discovery rules.

> **3) Names of dispatch personnel who fielded calls pertaining to the aforementioned Property.**

### Confidential Information Exception Under §552.101

Call reports contained in **Exhibit C** contain the name of dispatch personnel. In addition to the previous sections asserted for Exhibit C, Section 552.101 excepts from disclosure information considered to be "confidential by law, either constitutional, statutory or by judicial decision." TEX. GOV'T CODE § 552.101. This section encompasses information protected by

other statutes, including Chapter 772 of the Texas Health and Safety Code, which authorizes the development of local emergency communication districts. Section 772.318 of the Health and Safety Code applies to an emergency communication district for a county with a population of more than 20,000 and makes the originating phone numbers and addresses of 911 callers furnished by a service supplier confidential. The City of Murphy is in such an emergency communication district.

### Confidentiality of Information Concerning Public Employee or Officer Exception Under §552.152

Again, the City further requests that the dispatcher names be withheld pursuant to Section 552.152 of the Texas Government Code which excepts from disclosure "information in the custody of a governmental body that relates to an employee or officer...if...disclosure of the information would subject the employee or officer to a substantial threat of physical harm." TEX. GOV'T CODE § 552.152. The City requests that this occur for the same reasons as indicated in subsections 1 & 2 herein.

**4)    Names of Individuals who placed calls to dispatch regarding the Property at the aforementioned address, along with summaries of each call.**

### Confidential Information Exception Under §552.101

**Exhibit C** is also responsive to this request, as well as portions of the incident reports in **Exhibit B**. The City contends that in addition to the other exemptions from disclosure as requested herein, the information in the responsive records should be excepted from disclosure based upon Section 552.101 of the Texas Government Code which excepts from disclosure "information considered to be confidential by law, either constitutional, statutory, or by judicial decision." As stated previously, Texas law protects from disclosure the identities of persons who report activities over which the governmental body has criminal or quasi-criminal law enforcement authority. Clearly, this exception applies to callers to 911 who reported violations, which is the case in **Exhibits C, B, D, and F**. Since these records contain the names of individuals who were reporting violations of a criminal or civil statute, these exhibits should be withheld.

**5.    Any and all forms of communication - emails, letters, audio, video, etc - concerning the property at 720 Paint Creek Drive or the previous residents (Shaun, Nathan, Drew, and Nadia Burgess) at any point in the past 12 months.**

### Confidentiality of Email Addresses Exception Under §552.137
### Confidential Information Exception Under §552.101

MCB.M2012-352.08/03/12

The documents responsive to this request are attached as **Exhibits D, E, F, G, H, I, and K**. First and foremost, Section 552.137 excepts from disclosure "an email address of a member of the public that is provided for the purpose of communicating electronically with a governmental body." The email addresses in the corresponding emails that are redacted are not specifically excluded by section 552.137(c) and therefore should be excepted from disclosure. Open Records Decision No. 2059 (2012); 481 (1987), 480 (1987), 470 (1987). The City asks to withhold all email addresses under this exception. **Exhibits D, F, and K, Tract 6** should be withheld based on informer's privilege as stated above under 552.101.

### *Attorney Client Confidentiality Exception Under §552.107*

Section 552.107 of the Government Code excepts from disclosure information that "…an attorney of a political subdivision is prohibited from disclosing because of a duty to the client under the Texas Rules of Evidence or the Texas Disciplinary Rules of Professional Conduct." Those Rules implicate attorney-client privilege and work product matters that are protected from disclosure. The emails between Chief of Police G.M. Cox and Attorneys Andy Messer and Jennifer DeCurtis are communications for the purpose of facilitating the rendition of professional legal services to the client city. This information is and has remained confidential and only among lawyers and clients and not intended to be disclosed to third persons other than those to whom disclosure is made in furtherance of the rendition of professional legal services to the client or those reasonably necessary for the transmission of the communication. Tex. R. Evid. 503(a)(5); Open Records Decision No. 676 at 10 (2002). See also *Osborne v. Johnson*, 954 S.W.2d 180, 184 (Tex. App.—Waco 1997, orig. proceeding). Therefore, the City requests that the email communications in **Exhibit E** be withheld.

### *Agency Memoranda Exception Under §552.111*
### *Law Enforcement Exception Under §552.108*

Section 552.111 excepts from disclosure "an interagency or intraagency memorandum or letter that would not be available by law to a party in litigation with the agency." The emails in **Exhibit G** are between G. M. Cox, Chief of Police for the City and Lonnie Simmons, Constable for Collin County, Texas. Collin County shares a privity of interest with the City in the cases concerning the Property. See Open Records Decision No. 561 at 9 (1990). Further, the City and the County have a common deliberative process between them that is evident in reviewing these emails. These emails consist of advice, opinion or recommendations on policymaking matters of the city and the police department in particular. Therefore, these emails should be excepted from disclosure under Section 552.111 and 552.108(a). The emails in **Exhibit H** are between the City and the Collin County Jail and should be excepted for the same reason.

### *Law Enforcement Exception Under §552.108*

Section 552.108(b)(1) is intended to protect "information which, if released, would permit private citizens to anticipate weaknesses in a police department, avoid detection, jeopardize officer safety, and generally undermine police efforts to effectuate the laws of this State." *City of Ft. Worth v. Cornyn*, No. 03-02-00074-CV, 2002 WL 31026981 (Tex.App.— Austin Sept. 12, 2002). Several Attorney General Decisions support the City's contention that information held by a law enforcement agency or prosecutor that deals with the detection, investigation, or prosecution of crime that if released, would interfere with the detection, investigation, or prosecution of crime and are therefore exempt from disclosure. This includes information and interagency discussion on use of force in a case. See Open Records Decision Nos. 531 (1989) (use of force guidelines). In addition the emails in **Exhibit I** constitute internal notations concerning specific police efforts to effectuate the laws of this state, to detect investigation and prosecute crime and disclosure of this information would result in future interference with the detection, investigation of a crime this may provide criminal with an upper hand in their apprehension. The City is requesting that **Exhibit I** be withheld for this purpose as well as Section 552.108a.

Based on the authorities cited above, the City of Murphy contends that all portions of the records responsive to the Request are excepted from disclosure, more particularly in **Exhibits B through K.** Thank you for your attention to this matter.

Very truly yours,

JENNIFER DECURTIS
ASSISTANT CITY ATTORNEY
CITY OF MURPHY, TEXAS

JD/srb
Enclosures

cc:    D. Burgess
       **(w/o exhibits)**

MCB.M2012-352.08/03/12



## ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

October 10, 2012

Ms. Jennifer DeCurtis
Counsel for the City of Murphy
Messer, Campbell & Brady, L.L.P.
6351 Preston Road, Suite 350
Frisco, Texas 75034

OR2012-16217

Dear Ms. Curtis:

You ask whether certain information is subject to required public disclosure under the Public Information Act (the "Act"), chapter 552 of the Government Code. Your request was assigned ID# 467510.

The City of Murphy (the "city"), which you represent, received three requests for (1) information pertaining to a specified property (2) any communications, including e-mails, letters, audio, or video, concerning the property or four named residents during a specified period of time; and (3) the police report(s) pertaining to a specified incident. You claim the submitted information is excepted from disclosure under sections 552.101, 552.103, 552.107, 552.108, 552.111, 552.130, 552.147, and 552.152 of the Government Code.[1] We have considered the exceptions you claim and reviewed the submitted representative sample of information.[2]

Initially, we note portions of the submitted information, which we have marked, are not responsive to the instant requests because they were created after the requests were received

---

[1] Although you also raise sections 552.119 and 552.137, you have not submitted arguments in support of those exceptions; therefore, we assume you have withdrawn them. *See* Gov't Code §§ 552.301, .302.

[2] We assume the "representative sample" of records submitted to this office is truly representative of the requested records as a whole. *See* Open Records Decision Nos. 499 (1988), 497 (1988). This open records letter does not reach, and therefore does not authorize the withholding of, any other requested records to the extent those records contain substantially different types of information than those submitted to this office.

by the city. This ruling does not address the public availability of the information that is not responsive to the request, and the city is not required to release this information in response to this request.

Section 552.108(a)(1) of the Government Code excepts from disclosure "[i]nformation held by a law enforcement agency or prosecutor that deals with the detection, investigation, or prosecution of crime . . . if . . . release of the information would interfere with the detection, investigation, or prosecution of crime[.]" Gov't Code § 552.108(a)(1). A governmental body claiming section 552.108 must reasonably explain how and why the release of the requested information would interfere with law enforcement. *See id.* §§ 552.108(a)(1), .301(e)(1)(A); *see also Ex parte Pruitt*, 551 S.W.2d 706 (Tex. 1977). You state, and provide correspondence from the district attorney's office, the city's police department, and a municipal prosecutor stating, the responsive information relates to a pending criminal investigation and prosecution and release of the information could interfere with that investigation and prosecution. *See Houston Chronicle Publ'g Co. v. City of Houston*, 531 S.W.2d 177 (Tex. Civ. App.—Houston [14th Dist.] 1975) (court delineates law enforcement interests that are present in active cases), *writ ref'd n.r.e. per curiam*, 536 S.W.2d 559 (Tex. 1976). Therefore, we find section 552.108(a)(1) generally applies to the responsive information. However, we note the responsive information includes a citation, a copy of which has been provided to the requestor's father, the individual who was cited. You have not explained how release of the citation, which has already been seen by the cited individual, would interfere with the detection, investigation, or prosecution of crime. Therefore, the citation, which we have marked, may not be withheld under section 552.108(a)(1).

However, section 552.108 does not except from required public disclosure "basic information about an arrested person, an arrest, or a crime." Gov't Code § 552.108(c). Section 552.108(c) refers to the basic information held to be public in *Houston Chronicle*, which includes a sufficient portion of the narrative to encompass a detailed description of the offense, an arrestee's social security number, and the identities of the arresting and investigating officers. *See* 531 S.W.2d at 186-88; *see also* Open Records Decision No. 127 at 3-4 (1976) (summarizing types of information deemed public by *Houston Chronicle*). We note basic information does not include motor vehicle record information encompassed by section 552.130 of the Government Code. *See* Gov't Code § 552.130. Thus, with the exception of basic information from the specified police reports and the marked citation, the city may withhold the responsive information under section 552.108(a)(1) of the Government Code.[3]

Section 552.103 of the Government Code provides in relevant part as follows:

---

[3]As our ruling is dispositive, we do not address your other arguments against disclosure, except to note that, generally, basic information held to be public in *Houston Chronicle* is not excepted from public disclosure under section 552.103 of the Government Code. *See* Open Records Decision No. 597 (1991).

> (a) Information is excepted from [required public disclosure] if it is information relating to litigation of a civil or criminal nature to which the state or a political subdivision is or may be a party or to which an officer or employee of the state or a political subdivision, as a consequence of the person's office or employment, is or may be a party.
>
> . . .
>
> (c) Information relating to litigation involving a governmental body or an officer or employee of a governmental body is excepted from disclosure under Subsection (a) only if the litigation is pending or reasonably anticipated on the date that the requestor applies to the officer for public information for access to or duplication of the information.

Gov't Code § 552.103(a), (c). The purpose of section 552.103 is to protect the litigation interests of governmental bodies that are parties to the litigation at issue. *See id.* § 552.103(a); Open Records Decision No. 638 at 2 (1996) (section 552.103 only protects the litigation interests of the governmental body claiming the exception). A governmental body has the burden of providing relevant facts and documents to show section 552.103(a) is applicable in a particular situation. The test for meeting this burden is a showing that (1) litigation was pending or reasonably anticipated on the date the governmental body received the request for information, and (2) the information at issue is related to that litigation. *Univ. of Tex. Law Sch. v. Tex. Legal Found.*, 958 S.W.2d 479, 481 (Tex. App.— Austin 1997, no pet.); *Heard v. Houston Post Co.*, 684 S.W.2d 210, 212 (Tex. App.— Houston [1st Dist.] 1984, writ ref'd n.r.e.); Open Records Decision No. 551 at 4 (1990). A governmental body must meet both prongs of this test for information to be excepted under section 552.103(a).

You raise section 552.103 of the Government Code for the marked citation. You have provided correspondence from the municipal prosecutor, who states the information at issue is related to an ongoing prosecution. Based on this representation and our review, we find litigation was pending at the time of the request and the information at issue is related to the pending litigation. Therefore, we find section 552.103 is generally applicable to the information at issue.

However, we note the purpose of section 552.103 is to enable a governmental body to protect its position in litigation by forcing parties to obtain information relating to litigation through discovery procedures. *See* ORD 551 at 4–5. If the opposing party has seen or had access to information relating to the pending litigation, through discovery or otherwise, then there is no interest in withholding that information from public disclosure under section 552.103. *See* Open Records Decision Nos. 349 (1982), 320 (1982). As previously noted, the citation was provided to the requestor's father, who is the opposing party to the pending litigation.

Thus, the opposing party in the litigation has already seen that information. Therefore, we conclude the citation may not be withheld under section 552.103 of the Government Code.

Section 552.107(1) of the Government Code protects information that comes within the attorney-client privilege. Gov't Code § 552.107(1). When asserting the attorney-client privilege, a governmental body has the burden of providing the necessary facts to demonstrate the elements of the privilege in order to withhold the information at issue. Open Records Decision No. 676 at 6-7 (2002). First, a governmental body must demonstrate the information constitutes or documents a communication. *Id.* at 7. Second, the communication must have been made "for the purpose of facilitating the rendition of professional legal services" to the client governmental body. TEX. R. EVID. 503(b)(1). The privilege does not apply when an attorney or representative is involved in some capacity other than that of providing or facilitating professional legal services to the client governmental body. *In re Texas Farmers Ins. Exch.*, 990 S.W.2d 337, 340 (Tex. App.—Texarkana 1999, orig. proceeding) (attorney-client privilege does not apply if attorney acting in a capacity other than that of attorney). Third, the privilege applies only to communications between or among clients, client representatives, lawyers, and lawyer representatives. *See* TEX. R. EVID. 503(b)(1). Thus, a governmental body must inform this office of the identities and capacities of the individuals to whom each communication at issue has been made. Lastly, the attorney-client privilege applies only to a confidential communication, meaning it was "not intended to be disclosed to third persons other than those to whom disclosure is made in furtherance of the rendition of professional legal services to the client or those reasonably necessary for the transmission of the communication." *Id.* 503(a)(5). Whether a communication meets this definition depends on the intent of the parties involved at the time the information was communicated. *Osborne v. Johnson*, 954 S.W.2d 180, 184 (Tex. App.—Waco 1997, orig. proceeding). Moreover, because the client may elect to waive the privilege at any time, a governmental body must explain that the confidentiality of a communication has been maintained. Section 552.107(1) generally excepts an entire communication that is demonstrated to be protected by the attorney-client privilege unless otherwise waived by the governmental body. *See Huie v. DeShazo*, 922 S.W.2d 920, 923 (Tex. 1996) (privilege extends to entire communication, including facts contained therein).

You also claim the marked citation is protected under the attorney-client privilege of section 552.107 of the Government Code. However, because the marked citation was provided to the requestor's father, it has been communicated to a non-privileged party. Accordingly, we find the city has failed to establish the applicability of the attorney-client privilege to the information at issue, and the city may not withhold the citation under section 552.107(1) of the Government Code.

Section 552.130 of the Government Code excepts from disclosure information that relates to a motor vehicle operator's or driver's license, title, or registration issued by an agency of this state or another state or country. Gov't Code § 552.130(a)(1)-(2). Thus, the city must

withhold the driver's license number we have marked in the citation under section 552.130 of the Government Code.

You raise section 552.147 of the Government Code for an arrestee's social security number in the basic information. Section 552.147 of the Government Code excepts from disclosure the social security number of a living person.[4] *Id.* § 552.147. The city may withhold the arrestee's social security number under section 552.147 of the Government Code.

You raise section 552.152 of the Government Code for the names of officers in the basic information. Section 552.152 of the Government Code provides:

> Information in the custody of a governmental body that relates to an employee or officer of the governmental body is excepted from [required public disclosure] if, under the specific circumstances pertaining to the employee or officer, disclosure of the information would subject the employee or officer to a substantial threat of physical harm.

*Id.* § 552.152. Upon review, we find you have not demonstrated release of the information at issue would subject an officer to a substantial risk of physical harm. Accordingly, the city may not withhold the any of the basic information under section 552.152 of the Government Code.

In summary, with the exception of the basic information from the specified police reports and the marked citation, the city may withhold the responsive information under section 552.108(a)(1) of the Government Code. In releasing the marked citation, the city must withhold the marked driver's license number under section 552.130 of the Government Code. In releasing the basic information, the city may withhold the arrestee's social security number under section 552.147 of the Government Code.

This letter ruling is limited to the particular information at issue in this request and limited to the facts as presented to us; therefore, this ruling must not be relied upon as a previous determination regarding any other information or any other circumstances.

This ruling triggers important deadlines regarding the rights and responsibilities of the governmental body and of the requestor. For more information concerning those rights and responsibilities, please visit our website at http://www.oag.state.tx.us/open/index_orl.php, or call the Office of the Attorney General's Open Government Hotline, toll free, at (877) 673-6839. Questions concerning the allowable charges for providing public

---

[4]Section 552.147(b) of the Government Code authorizes a governmental body to redact a living person's social security number from public release without the necessity of requesting a decision from this office under the Act. Gov't Code § 552.147(b).

information under the Act must be directed to the Cost Rules Administrator of the Office of the Attorney General, toll free at (888) 672-6787.

Sincerely,

Michelle R. Garza
Assistant Attorney General
Open Records Division

MRG/som

Ref:    ID# 467510

Enc.    Submitted documents

c:      Requestor
        (w/o enclosures)

5·15·13 Called Bob Davis @ ▮▮▮▮
Said it is in County's best
interest to see him found Gui

Called Andy Messer @ ▮▮▮▮
Important to go forward. Convict
would preclude a civil action.
Need to watch tape - many vie
Can see on video.

Jennifer is atty in firm who's
helping.

Andy feels that this could
retaliate against him or any
else

***Prosecutors file, Conspiracy between Attorneys and Prosecutor to find Burgess
Guilty, Found in documents sent in prosecutors files in case
002-86625-2012,
State vs Nathan Earl Burgess***

**From:** **Nathan Burgess** pilotschoice@hotmail.com
**Subject:** Re: Mandamus for Relief to Texas Court of Appeals
**Date:** October 23, 2015 at 9:49 AM
**To:** John Rolater  jrolater@co.collin.tx.us
**Cc:** Bill Schultz  wlschultz@gmail.com, Alan  taggartlawfirm@yahoo.com

Mr Rolater,

I will make sure the court tis aware of your opposition to the motion for relief.

Nathan Burgess
Appellant
972-971-8361

PS Please advise as to the issues of fraud and forgery of the intake document in the arrest file.

On Oct 23, 2015, at 9:29 AM, John Rolater <jrolater@co.collin.tx.us> wrote:

Thank you for the information.  However I will not agree to further  delay in your PDR because the matters between you and your former attorneys are not relevant to your PDR.

Sent from my iPhone

On Oct 23, 2015, at 9:00 AM, Nathan Burgess <pilotschoice@hotmail.com<mailto:pilotschoice@hotmail.com>> wrote:

Mr Rolater,

I am sending you a copy of this file so that you understand my intent to file, for good cause, motion to stay and writ of mandamus immediately, unless my legal demand for the safe return of my complete case files from my appointed attorneys is respected upon receipt by them of my demand.

I do want to be clear, Mr. Taggart has forwarded some files after he withdrew from the case, however, he was ordered to turn over the complete case files to Mr Schultz by Judge Corinne Mason. Mr. Schultz has been requested repeatedly to turn over the file, which under threat of a lawsuit, he sent a limited file consisting if the court decision to affirm conviction and a print out of a couple laws on dumping from some website.

I have requested the complete file and have not received but about 20 pages from Mr Schultz, since I do not have a case file to work from I can not file an appeal timely and have no option but to motion the court for a stay until mandamus review can be heard and decision made as to the proprietary interest of the files made by the court.

I am sorry for the delay, I hope you will not challenge the stay based on good cause.

Thank you,

Nathan Burgess
Appellant
972-971-8361

Begin forwarded message:

From: Nathan Burgess <pilotschoice@hotmail.com<mailto:pilotschoice@hotmail.com>>
Subject: Mandamus for Relief to Texas Court of Appeals
Date: October 23, 2015 at 8:23:23 AM CDT
To: Alan <taggartlawfirm@yahoo.com<mailto:taggartlawfirm@yahoo.com>>, Bill Schultz <wlschultz@gmail.com<mailto:wlschultz@gmail.com>>

Dear Sirs, (Attorney's Taggart and Schultz)

Please contact me immediately before I must file Writ of Mandamus with the Texas Criminal Court of Appeals.

There are many issues when trying to file an appeal such as my case.

It is a very difficult situation to represent yourself in a JP Court of Law; the Texas Court of Criminal Appeals is not a JP Court.

I am attaching a few screen shots to support my need for Motion to Stay and Mandamus in my case.

I have repeatedly asked Mr Schultz for my case file. I have followed with Mr Taggart asking for the information that he has forwarded to Mr Schultz under court order.

I have received no, or limited response from you both as pertaining to the work product documents that were used to represent my case as well as, to appeal the wrongful conviction; therefore I seek Writ protection from my appointed counselors with cause for not relinquishing my file upon request.

I will give you gentlemen until midnight Oct 23rd, 2015 to respond by making arrangements to turn over my personal property without retaining a single file in your possession. I am requesting the full and complete file in both of your possession and ask you to not maintain a single article of the same in your possession and / or control. I am asking you to cease and desist from communicating further about my case information with any person. I hold you to confidentiality as Rules of Professional Conduct without limitation. I also hold you both to liability to personal injury based on your lack of completing this request within the time frame given to reply.

You have both been given a responsibility and I require full cooperation and timely carrying out of your fiduciary duties owed to me as my appointed attorneys.

I also am requesting both of your complete bar information and certificates and qualifications for representing me as a court appointed attorney under the Texas Fairness Act. If one or neither of you were not a qualified Court Appointed Attorney in Collin County to represent me, I am making a demand upon you to disclose such information and lack of discretion to me upon receipt of this email. Please do so immediately, any withholding of this information will be considered a breach of your fiduciary duty owed me personally due to your representation in my case, or cases. I will hold you both legally liable of for any or all damages incurred due to your willful negligence.

I will attach a few cases and rules that control your actions concerning proprietary possession of the files, (they are mine in their entirety and i am making a demand for their return without limitations upon my sending and you receiving this email).

<Screen Shot 2015-10-23 at 7.40.46 AM.png>

[cid:3354D964-EB27-4F0A-9A18-35CFC484A244@attlocal.net]
<Screen Shot 2015-10-23 at 7.38.47 AM.png>
[cid:BAAFB7F9-50F1-41A8-884B-38649A6FE49B@attlocal.net]

[cid:E2DE9919-23F0-4282-BCB3-BD0250012B5D@attlocal.net]

<Screen Shot 2015-10-23 at 7.34.50 AM.png>


I believe the I have made myself clear; I want all my files and I need and demand them immediately, without delay and without limitation. I am not demanding a selective set of documents, but the complete file without review or limitation. This demand included your notes, any form of media, all documents and files on any form media including, disc, DVD, Computer, Smartphone, electronic device of any kind, including print, backup memory, email, any information given third party, even orally must be stipulated and provided so that I am aware of any actions outside the scope of your representation occurred that might have influenced my case; I want every item of my personal property from every source that is or has been under your control or personal knowledge concerning my case; that includes personal communications before the case was transferred or assigned to either of you. Please withhold nothing as it may be damaging to my case and I will hold you both liable personally or jointly and severally, and or vicariously.

I simply want what is mine and both of you have my property, I consider it held without consent after demand for its return. Please do so and I will have no need of mandamus other than to complain to the court for your not returning

my materials and possible complaint to the State Bar.

Please follow thru immediately,

Nathan Burgess
Appellant

<Screen Shot 2015-10-23 at 7.38.47 AM.png><Screen Shot 2015-10-23 at 7.34.50 AM.png><Screen Shot 2015-10-23 at 7.40.46 AM.png>
<Screen Shot 2015-10-23 at 7.39.38 AM.png><Screen Shot 2015-10-23 at 7.36.30 AM.png><Screen Shot 2015-10-23 at 7.35.29 AM.png>

From: **John Rolater** jrolater@co.collin.tx.us  📎
Subject: Re: Mandamus for Relief to Texas Court of Appeals
Date: October 23, 2015 at 9:29 AM
To: Nathan Burgess pilotschoice@hotmail.com
Cc: Bill Schultz wlschultz@gmail.com, Alan taggartlawfirm@yahoo.com

Thank you for the information.  However I will not agree to further  delay in your PDR because the matters between you and your former attorneys are not relevant to your PDR.

Sent from my iPhone

On Oct 23, 2015, at 9:00 AM, Nathan Burgess <pilotschoice@hotmail.com<mailto:pilotschoice@hotmail.com>> wrote:

Mr Rolater,

I am sending you a copy of this file so that you understand my intent to file, for good cause, motion to stay and writ of mandamus immediately, unless my legal demand for the safe return of my complete case files from my appointed attorneys is respected upon receipt by them of my demand.

I do want to be clear, Mr. Taggart has forwarded some files after he withdrew from the case, however, he was ordered to turn over the complete case files to Mr Schultz by Judge Corinne Mason. Mr. Schultz has been requested repeatedly to turn over the file, which under threat of a lawsuit, he sent a limited file consisting if the court decision to affirm conviction and a print out of a couple laws on dumping from some website.

I have requested the complete file and have not received but about 20 pages from Mr Schultz, since I do not have a case file to work from I can not file an appeal timely and have no option but to motion the court for a stay until mandamus review can be heard and decision made as to the proprietary interest of the files made by the court.

I am sorry for the delay, I hope you will not challenge the stay based on good cause.

Thank you,

Nathan Burgess
Appellant
972-971-8361

Begin forwarded message:

From: Nathan Burgess <pilotschoice@hotmail.com<mailto:pilotschoice@hotmail.com>>
Subject: Mandamus for Relief to Texas Court of Appeals
Date: October 23, 2015 at 8:23:23 AM CDT
To: Alan <taggartlawfirm@yahoo.com<mailto:taggartlawfirm@yahoo.com>>, Bill Schultz
<wlschultz@gmail.com<mailto:wlschultz@gmail.com>>

Dear Sirs, (Attorney's Taggart and Schultz)

Please contact me immediately before I must file Writ of Mandamus with the Texas Criminal Court of Appeals.

There are many issues when trying to file an appeal such as my case.

It is a very difficult situation to represent yourself in a JP Court of Law; the Texas Court of Criminal Appeals is not a JP Court.

I am attaching a few screen shots to support my need for Motion to Stay and Mandamus in my case.

I have repeatedly asked Mr Schultz for my case file. I have followed with Mr Taggart asking for the information that he has forwarded to Mr Schultz under court order.

I have received no, or limited response from you both as pertaining to the work product documents that were used to represent my case as well as, to appeal the wrongful conviction; therefore I seek Writ protection from my appointed counselors with cause for not relinquishing my file upon request.

I will give you gentlemen until midnight Oct 23rd, 2015 to respond by making arrangements to turn over my personal property without retaining a single file in your possession. I am requesting the full and complete file in both of your possession and ask you to not maintain a single article of the same in your possession and / or control. I am asking you to cease and desist from communicating further about my case information with any person. I hold you to confidentiality as Rules of Professional Conduct without limitation. I also hold you both to liability to personal injury based on your lack of completing this request within the time frame given to reply.

You have both been given a responsibility and I require full cooperation and timely carrying out of your fiduciary duties owed to me as my appointed attorneys.

I also am requesting both of your complete bar information and certificates and qualifications for representing me as a court appointed

I also am requesting both of your complete bar information and certificates and qualifications for representing me as a court appointed attorney under the Texas Fairness Act. If one or neither of you were not a qualified Court Appointed Attorney in Collin County to represent me, I am making a demand upon you to disclose such information and lack of discretion to me upon receipt of this email. Please do so immediately, any withholding of this information will be considered a breach of your fiduciary duty owed me personally due to your representation in my case, or cases. I will hold you both legally liable of for any or all damages incurred due to your willful negligence.

I will attach a few cases and rules that control your actions concerning proprietary possession of the files, (they are mine in their entirety and i am making a demand for their return without limitations upon my sending and you receiving this email).

<Screen Shot 2015-10-23 at 7.40.46 AM.png>

[cid:3354D964-EB27-4F0A-9A18-35CFC484A244@attlocal.net]
<Screen Shot 2015-10-23 at 7.38.47 AM.png>
[cid:BAAFB7F9-50F1-41A8-884B-38649A6FE49B@attlocal.net]

[cid:E2DE9919-23F0-4282-BCB3-BD0250012B5D@attlocal.net]

<Screen Shot 2015-10-23 at 7.34.50 AM.png>

I believe the I have made myself clear; I want all my files and I need and demand them immediately, without delay and without limitation. I am not demanding a selective set of documents, but the complete file without review or limitation. This demand included your notes, any form of media, all documents and files on any form media including, disc, DVD, Computer, Smartphone, electronic device of any kind, including print, backup memory, email, any information given third party, even orally must be stipulated and provided so that I am aware of any actions outside the scope of your representation occurred that might have influenced my case; I want every item of my personal property from every source that is or has been under your control or personal knowledge concerning my case; that includes personal communications before the case was transferred or assigned to either of you. Please withhold nothing as it may be damaging to my case and I will hold you both liable personally or jointly and severally, and or vicariously.

I simply want what is mine and both of you have my property, I consider it held without consent after demand for its return. Please do so and I will have no need of mandamus other than to complain to the court for your not returning my materials and possible complaint to the State Bar.

Please follow thru immediately,

Nathan Burgess
Appellant

[7] In *Burnett*, the appellant, on direct appeal from her death sentence, argued that the trial court erred when it admitted into evidence a recorded pre-hypnotic interview between the appellant and a hypnotist hired by her attorneys. *Burnett*, 642 S.W.2d at 766–67. Before resolving the second question presented for our review—whether the attorney-client privilege prevented the admission of the tape into evidence—we first resolved the question of who owned the physical tape. In our analysis, we noted that the parties made "various characterizations" of the recording, including that the admission of the tape violated the appellant's attorney-client privilege, the work product of counsel, or the property rights of the hypnotist. However, we held that the recording, "as with deeds, notes, vouchers, documents and papers of a client," belong to the client. We reached this holding due to the hypnotist's agency relationship with the appellant's attorneys who were in turn the appellant's agents. We also held that admission of the tape was error because the attorney-client privilege applied to exclude the tape from evidence. *Id.* at

[14] RESTATEMENT (THIRD) OF AGENCY § 8.09 ("An agent has a duty to comply with all lawful instructions received from the principal and persons designated by the principal concerning the agent's actions on behalf of the principal."); *see Gen. Motors Acceptance Corp./Crenshaw, Dupree & Milam, L.L.P. v. Crenshaw, Dupree & Milam, L.L.P./General Motors Acceptance Corp.*, 986 S.W.2d 632, 636 (Tex. App.—El Paso 1998, pet ref'd) (citing *Cooper v. Lee*, 12 S.W. 483, 486 (Tex. 1889)) (holding that a "fiduciary relationship exists between attorneys and clients as a matter of law" and that "an agent must obey the lawful directions of its principal").

On January 7, 2013, this Court granted a Motion for Emergency Relief staying enforcement of the trial court's orders to turn over the file and finding McCann in contempt. *In re McCann*, No. WR-76,984-01 (Tex. Crim. App. Jan. 7, 2013) (per curiam) (not designated for publication). We then filed and set the petitions and ordered the parties to brief the following three issues:

1. To whom does a client's physical file belong?

2. If the file belongs to the client (the defendant in the underlying case here), what are the possible consequences should the client refuse to turn

over the file to subsequent counsel?

3. If the file belongs to the client and the client is unable or unwilling to decide whether to turn over the file, to whom does that decision fall (*e.g.* former counsel, subsequent counsel, trial judge, or guardian appointed for that issue)?

To whom does a client's file belong? The client's file belongs to the client.[6] In 1918, the Texas Supreme Court recognized explicitly that an attorney is an agent of his client and implicitly that a client owns the contents of his or her file. *See Thomson v. Findlater Hardware Co.*, 109 Tex. 235, 237, 205 S.W. 831, 832 (Tex. 1918). Later, we expressly reaffirmed that a client owns the contents of his or her file.[7] *See Burnett v.*

[12]According to these guidelines, the duty to facilitate the work of successor counsel includes (1) maintaining the records of the case in a manner that will inform successor counsel of all significant developments relevant to the litigation, (2) providing the client's file, as well as information regarding all aspects of the representation, to successor counsel, (3) sharing potential further areas of legal and factual research with successor counsel, and (4) cooperating with such professionally appropriate legal strategies as may be chosen by successor counsel.

[13]Section F of Guideline 12.1, "Duties of Trial Counsel After Conviction[,]" states the following:

Trial counsel should cooperate with successor direct appeal, habeas and clemency counsel in providing relevant information to successor counsel, including trial counsel's prior representation files *upon the client's consent*, in order to maintain continuity of representation, and to assist future counsel in presentation of issues relevant to subsequent litigation efforts.

and principal to whom he has a fiduciary duty. *See In re George*, 28 S.W.3d at 516 (characterizing the attorney-client relationship as one of principal and agent); *Resolution Trust Corp.*, 128 F.R.D. at 648 (stating that the argument that "only another lawyer can be trusted with the file . . . . cannot be taken seriously . . . ." because that practice "is contrary to the fiduciary and agency nature of the relationship between a client and an attorney"); *Johnson v. Brewer & Pritchard, P.C.*, 73 S.W.3d 193, 199–00 (Tex. 2002) ("Our courts have long recognized that certain fiduciary duties are owed by . . . an attorney to a client.") (footnotes omitted); *see also* RESTATEMENT (THIRD) OF AGENCY §§ 8.01, 8.05 (characterizing the principal–agent relationship as a fiduciary one, and stating that an agent specifically "has a duty (1) not to use property of the principal for the agent's own purposes or those of a third party; and (2) not to use or communicate confidential information of the principal for the agent's own purposes or those of a third party"); TEX. DISCIPLINARY RULES PROF'L CONDUCT R. 1.5 & cmt. (the comment states, in part, that "[b]oth the fiduciary relationship existing between lawyer and client and the proper functioning of the legal system require the preservation by the lawyer of confidential information of one who has employed . . . the lawyer"). The outcome in this case may have been different if

**From:** **Nathan Burgess** pilotschoice@hotmail.com
**Subject:** Fwd: Mandamus for Relief to Texas Court of Appeals
**Date:** October 23, 2015 at 9:00 AM
**To:** John Rolater jrolater@co.collin.tx.us
**Cc:** Bill Schultz wlschultz@gmail.com, Alan taggartlawfirm@yahoo.com

Mr Rolater,

I am sending you a copy of this file so that you understand my intent to file, for good cause, motion to stay and writ of mandamus immediately, unless my legal demand for the safe return of my complete case files from my appointed attorneys is respected upon receipt by them of my demand.

I do want to be clear, Mr. Taggart has forwarded some files after he withdrew from the case, however, he was ordered to turn over the complete case files to Mr Schultz by Judge Corinne Mason. Mr. Schultz has been requested repeatedly to turn over the file, which under threat of a lawsuit, he sent a limited file consisting if the court decision to affirm conviction and a print out of a couple laws on dumping from some website.

I have requested the complete file and have not received but about 20 pages from Mr Schultz, since I do not have a case file to work from I can not file an appeal timely and have no option but to motion the court for a stay until mandamus review can be heard and decision made as to the proprietary interest of the files made by the court.

I am sorry for the delay, I hope you will not challenge the stay based on good cause.

Thank you,

Nathan Burgess
Appellant
972-971-8361

Begin forwarded message:

**From:** Nathan Burgess <pilotschoice@hotmail.com>
**Subject: Mandamus for Relief to Texas Court of Appeals**
**Date:** October 23, 2015 at 8:23:23 AM CDT
**To:** Alan <taggartlawfirm@yahoo.com>, Bill Schultz <wlschultz@gmail.com>

Dear Sirs, (Attorney's Taggart and Schultz)

Please contact me immediately before I must file Writ of Mandamus with the Texas Criminal Court of Appeals.

There are many issues when trying to file an appeal such as my case.

It is a very difficult situation to represent yourself in a JP Court of Law; the Texas Court of Criminal Appeals is not a JP Court.

I am attaching a few screen shots to support my need for Motion to Stay and Mandamus in my case.

I have repeatedly asked Mr Schultz for my case file. I have followed with Mr Taggart asking for the information that he has forwarded to Mr Schultz under court order.

I have received no, or limited response from you both as pertaining to the work product documents that were used to represent my case as well as, to appeal the wrongful conviction; therefore I seek Writ protection from my appointed counselors with cause for not relinquishing my file upon request.

I will give you gentlemen until midnight Oct 23rd, 2015 to respond by making arrangements to turn over my personal property without retaining a single file in your possession. I am requesting the full and complete file in both of your possession and ask you to not maintain a single article of the same in your possession and / or control. I am asking you to cease and desist from communicating further about my case information with any person. I hold you to confidentiality as Rules of Professional Conduct without limitation. I also hold you both to liability to personal injury based on your lack of completing this request within the time frame given to reply.

You have both been given a responsibility and I require full cooperation and timely carrying out of your fiduciary duties owed to me as my appointed attorneys

appointed attorneys.

I also am requesting both of your complete bar information and certificates and qualifications for representing me as a court appointed attorney under the Texas Fairness Act. If one or neither of you were not a qualified Court Appointed Attorney in Collin County to represent me, I am making a demand upon you to disclose such information and lack of discretion to me upon receipt of this email. Please do so immediately, any withholding of this information will be considered a breach of your fiduciary duty owed me personally due to your representation in my case, or cases. I will hold you both legally liable of for any or all damages incurred due to your willful negligence.

I will attach a few cases and rules that control your actions concerning proprietary possession of the files, (they are mine in their entirety and i am making a demand for their return without limitations upon my sending and you receiving this email).

On January 7, 2013, this Court granted a Motion for Emergency Relief staying enforcement of the trial court's orders to turn over the file and finding McCann in contempt. *In re McCann*, No. WR-76,984-01 (Tex. Crim. App. Jan. 7, 2013) (per curiam) (not designated for publication). We then filed and set the petitions and ordered the parties to brief the following three issues:

1. To whom does a client's physical file belong?

2. If the file belongs to the client (the defendant in the underlying case here), what are the possible consequences should the client refuse to turn over the file to subsequent counsel?

3. If the file belongs to the client and the client is unable or unwilling to decide whether to turn over the file, to whom does that decision fall (*e.g.* former counsel, subsequent counsel, trial judge, or guardian appointed for that issue)?

To whom does a client's file belong? The client's file belongs to the client.[6] In 1918, the Texas Supreme Court recognized explicitly that an attorney is an agent of his client and implicitly that a client owns the contents of his or her file. *See Thomson v. Findlater Hardware Co.*, 109 Tex. 235, 237, 205 S.W. 831, 832 (Tex. 1918). Later, we expressly reaffirmed that a client owns the contents of his or her file.[7] *See Burnett v.*

[7] In *Burnett*, the appellant, on direct appeal from her death sentence, argued that the trial court erred when it admitted into evidence a recorded pre-hypnotic interview between the appellant and a hypnotist hired by her attorneys. *Burnett*, 642 S.W.2d at 766–67. Before resolving the second question presented for our review—whether the attorney-client privilege prevented the admission of the tape into evidence—we first resolved the question of who owned the physical tape. In our analysis, we noted that the parties made "various characterizations" of the recording, including that the admission of the tape violated the appellant's attorney-client privilege, the work product of counsel, or the property rights of the hypnotist. However, we held that the recording, "as with deeds, notes, vouchers, documents and papers of a client," belong to the client. We reached this holding due to the hypnotist's agency relationship with the appellant's attorneys who were in turn the appellant's agents. We also held that admission of the tape was error because the attorney-client privilege applied to exclude the tape from evidence. *Id.* at

[12] According to these guidelines, the duty to facilitate the work of successor counsel includes (1) maintaining the records of the case in a manner that will inform successor counsel of all significant developments relevant to the litigation, (2) providing the client's file, as well as information regarding all aspects of the representation, to successor counsel, (3) sharing potential further areas of legal and factual research with successor counsel, and (4) cooperating with such professionally appropriate legal strategies as may be chosen by successor counsel.

[13] Section F of Guideline 12.1, "Duties of Trial Counsel After Conviction[,]" states the following:

Trial counsel should cooperate with successor direct appeal, habeas and clemency counsel in providing relevant information to successor counsel, including trial counsel's prior representation files *upon the client's consent*, in order to maintain continuity of representation, and to assist future counsel in presentation of issues relevant to subsequent litigation efforts.

and principal to whom he has a fiduciary duty. *See In re George*, 28 S.W.3d at 516 (characterizing the attorney-client relationship as one of principal and agent); *Resolution Trust Corp.*, 128 F.R.D. at 648 (stating that the argument that "only another lawyer can be trusted with the file . . . . cannot be taken seriously . . . ." because that practice "is contrary to the fiduciary and agency nature of the relationship between a client and an attorney"); *Johnson v. Brewer & Pritchard, P.C.*, 73 S.W.3d 193, 199–00 (Tex. 2002) ("Our courts have long recognized that certain fiduciary duties are owed by . . . an attorney to a client.") (footnotes omitted); *see also* RESTATEMENT (THIRD) OF AGENCY §§ 8.01, 8.05 (characterizing the principal-agent relationship as a fiduciary one, and stating that an agent specifically "has a duty (1) not to use property of the principal for the agent's own purposes or those of a third party; and (2) not to use or communicate confidential information of the principal for the agent's own purposes or those of a third party"); TEX. DISCIPLINARY RULES PROF'L CONDUCT R. 1.5 & cmt. (the comment states, in part, that "[b]oth the fiduciary relationship existing between lawyer and client and the proper

functioning of the legal system require the preservation by the lawyer of confidential information of one who has employed . . . the lawyer"). The outcome in this case may have been different if

[14]RESTATEMENT (THIRD) OF AGENCY § 8.09 ("An agent has a duty to comply with all lawful instructions received from the principal and persons designated by the principal concerning the agent's actions on behalf of the principal."); *see Gen. Motors Acceptance Corp./Crenshaw, Dupree & Milam, L.L.P. v. Crenshaw, Dupree & Milam, L.L.P./General Motors Acceptance Corp.*, 986 S.W.2d 632, 636 (Tex. App.—El Paso 1998, pet ref'd) (citing *Cooper v. Lee*, 12 S.W. 483, 486 (Tex. 1889)) (holding that a "fiduciary relationship exists between attorneys and clients as a matter of law" and that "an agent must obey the lawful directions of its principal").

I believe the I have made myself clear; I want all my files and I need and demand them immediately, without delay and without limitation. I am not demanding a selective set of documents, but the complete file without review or limitation. This demand included your notes, any form of media, all documents and files on any form media including, disc, DVD, Computer, Smartphone, electronic device of any kind, including print, backup memory, email, any information given third party, even orally must be stipulated and provided so that I am aware of any actions outside the scope of your representation occurred that might have influenced my case; I want every item of my personal property from every source that is or has been under your control or personal knowledge concerning my case; that includes personal communications before the case was transferred or assigned to either of you. Please withhold nothing as it may be damaging to my case and I will hold you both liable personally or jointly and severally, and or vicariously.

I simply want what is mine and both of you have my property, I consider it held without consent after demand for its return. Please do so and I will have no need of mandamus other than to complain to the court for your not returning my materials and possible complaint to the State Bar.

Please follow thru immediately,

Nathan Burgess
Appellant

**From:** **Nathan Burgess** pilotschoice@hotmail.com
**Subject:** Mandamus for Relief to Texas Court of Appeals
**Date:** October 23, 2015 at 8:23 AM
**To:** Alan taggartlawfirm@yahoo.com, Bill Schultz wlschultz@gmail.com

Dear Sirs, (Attorney's Taggart and Schultz)

Please contact me immediately before I must file Writ of Mandamus with the Texas Criminal Court of Appeals.

There are many issues when trying to file an appeal such as my case.

It is a very difficult situation to represent yourself in a JP Court of Law; the Texas Court of Criminal Appeals is not a JP Court.

I am attaching a few screen shots to support my need for Motion to Stay and Mandamus in my case.

I have repeatedly asked Mr Schultz for my case file. I have followed with Mr Taggart asking for the information that he has forwarded to Mr Schultz under court order.

I have received no, or limited response from you both as pertaining to the work product documents that were used to represent my case as well as, to appeal the wrongful conviction; therefore I seek Writ protection from my appointed counselors with cause for not relinquishing my file upon request.

I will give you gentlemen until midnight Oct 23rd, 2015 to respond by making arrangements to turn over my personal property without retaining a single file in your possession. I am requesting the full and complete file in both of your possession and ask you to not maintain a single article of the same in your possession and / or control. I am asking you to cease and desist from communicating further about my case information with any person. I hold you to confidentiality as Rules of Professional Conduct without limitation. I also hold you both to liability to personal injury based on your lack of completing this request within the time frame given to reply.

You have both been given a responsibility and I require full cooperation and timely carrying out of your fiduciary duties owed to me as my appointed attorneys.

I also am requesting both of your complete bar information and certificates and qualifications for representing me as a court appointed attorney under the Texas Fairness Act. If one or neither of you were not a qualified Court Appointed Attorney in Collin County to represent me, I am making a demand upon you to disclose such information and lack of discretion to me upon receipt of this email. Please do so immediately, any withholding of this information will be considered a breach of your fiduciary duty owed me personally due to your representation in my case, or cases. I will hold you both legally liable of for any or all damages incurred due to your willful negligence.

I will attach a few cases and rules that control your actions concerning proprietary possession of the files, (they are mine in their entirety and i am making a demand for their return without limitations upon my sending and you receiving this email).

On January 7, 2013, this Court granted a Motion for Emergency Relief staying enforcement of the trial court's orders to turn over the file and finding McCann in contempt. *In re McCann*, No. WR-76,984-01 (Tex. Crim. App. Jan. 7, 2013) (per curiam) (not designated for publication). We then filed and set the petitions and ordered the parties to brief the following three issues:

1. To whom does a client's physical file belong?

2. If the file belongs to the client (the defendant in the underlying case here), what are the possible consequences should the client refuse to turn over the file to subsequent counsel?

3. If the file belongs to the client and the client is unable or unwilling to decide whether to turn over the file, to whom does that decision fall (e.g. former counsel, subsequent counsel, trial judge, or guardian appointed for that issue)?

To whom does a client's file belong? The client's file belongs to the client.[6] In 1918, the Texas Supreme Court recognized explicitly that an attorney is an agent of his client and implicitly that a client owns the contents of his or her file. *See Thomson v. Findlater Hardware Co.*, 109 Tex. 235, 237, 205 S.W. 831, 832 (Tex. 1918). Later, we expressly reaffirmed that a client owns the contents of his or her file.[7] *See Burnett v.*

[7] In *Burnett*, the appellant, on direct appeal from her death sentence, argued that the trial court erred when it admitted into evidence a recorded pre-hypnotic interview between the appellant and a hypnotist hired by her attorneys. *Burnett*, 642 S.W.2d at 766–67. Before resolving the second question presented for our review—whether the attorney-client privilege

prevented the admission of the tape into evidence—we first resolved the question of who owned the physical tape. In our analysis, we noted that the parties made "various characterizations" of the recording, including that the admission of the tape violated the appellant's attorney-client privilege, the work product of counsel, or the property rights of the hypnotist. However, we held that the recording, "as with deeds, notes, vouchers, documents and papers of a client," belong to the client. We reached this holding due to the hypnotist's agency relationship with the appellant's attorneys who were in turn the appellant's agents. We also held that admission of the tape was error because the attorney-client privilege applied to exclude the tape from evidence. *Id.* at

[12]According to these guidelines, the duty to facilitate the work of successor counsel includes (1) maintaining the records of the case in a manner that will inform successor counsel of all significant developments relevant to the litigation, (2) providing the client's file, as well as information regarding all aspects of the representation, to successor counsel, (3) sharing potential further areas of legal and factual research with successor counsel, and (4) cooperating with such professionally appropriate legal strategies as may be chosen by successor counsel.

[13]Section F of Guideline 12.1, "Duties of Trial Counsel After Conviction[,]" states the following:

Trial counsel should cooperate with successor direct appeal, habeas and clemency counsel in providing relevant information to successor counsel, including trial counsel's prior representation files *upon the client's consent*, in order to maintain continuity of representation, and to assist future counsel in presentation of issues relevant to subsequent litigation efforts.

and principal to whom he has a fiduciary duty. *See In re George*, 28 S.W.3d at 516 (characterizing the attorney-client relationship as one of principal and agent); *Resolution Trust Corp.*, 128 F.R.D. at 648 (stating that the argument that "only another lawyer can be trusted with the file . . . . cannot be taken seriously . . . ." because that practice "is contrary to the fiduciary and agency nature of the relationship between a client and an attorney"); *Johnson v. Brewer & Pritchard, P.C.*, 73 S.W.3d 193, 199–00 (Tex. 2002) ("Our courts have long recognized that certain fiduciary duties are owed by . . . an attorney to a client.") (footnotes omitted); *see also* RESTATEMENT (THIRD) OF AGENCY §§ 8.01, 8.05 (characterizing the principal–agent relationship as a fiduciary one, and stating that an agent specifically "has a duty (1) not to use property of the principal for the agent's own purposes or those of a third party; and (2) not to use or communicate confidential information of the principal for the agent's own purposes or those of a third party"); TEX. DISCIPLINARY RULES PROF'L CONDUCT R. 1.5 & cmt. (the comment states, in part, that "[b]oth the fiduciary relationship existing between lawyer and client and the proper functioning of the legal system require the preservation by the lawyer of confidential information of one who has employed . . . the lawyer"). The outcome in this case may have been different if

[14]RESTATEMENT (THIRD) OF AGENCY § 8.09 ("An agent has a duty to comply with all lawful instructions received from the principal and persons designated by the principal concerning the agent's actions on behalf of the principal."); *see Gen. Motors Acceptance Corp./Crenshaw, Dupree & Milam, L.L.P. v. Crenshaw, Dupree & Milam, L.L.P./General Motors Acceptance Corp.*, 986 S.W.2d 632, 636 (Tex. App.—El Paso 1998, pet ref'd) (citing *Cooper v. Lee*, 12 S.W. 483, 486 (Tex. 1889)) (holding that a "fiduciary relationship exists between attorneys and clients as a matter of law" and that "an agent must obey the lawful directions of its principal").

I believe the I have made myself clear; I want all my files and I need and demand them immediately, without delay and without limitation. I am not demanding a selective set of documents, but the complete file without review or limitation. This demand included your notes, any form of media, all documents and files on any form media including, disc, DVD, Computer, Smartphone, electronic device of any kind, including print, backup memory, email, any information given third party, even orally must be stipulated and provided so that I am aware of any actions outside the scope of your representation occurred that might have influenced my case; I want every item of my personal property from every source that is or has been under your control or personal knowledge concerning my case; that includes personal communications before the case was transferred or assigned to either of you. Please withhold nothing as it may be damaging to my case and I will hold you both liable personally or jointly and severally, and or vicariously.

I simply want what is mine and both of you have my property, I consider it held without consent after demand for its return. Please do so and I will have no need of mandamus other than to complain to the court for your not returning my materials and possible complaint to the State Bar.

Please follow thru immediately,

Nathan Burgess
Appellant



**Subject:** RE: Forged Document
   **Date:** October 28, 2015 at 9:48 AM
      **To:** Nathan Burgess pilotschoice@hotmail.com, 2148612364@rcfax.com

I kept the scan files I sent you. I have the paper files that were scanned.

---

**From:** Nathan Burgess [mailto:pilotschoice@hotmail.com]
**Sent:** Wednesday, October 28, 2015 9:18 AM
**To:** 2148612364@rcfax.com
**Cc:** John Rolater
**Subject:** Forged Document

Mr Rolater,

I am forwarding this document to the Texas Rangers asa I mentioned yesterday. If younwould like to confirm its authenticity please do so.

Thank you,

Nathan Burgess

cell… 972-971-8361

PS This is the document that was sent from you with the Prosecutors file.



From: Nathan Burgess <pilotschoice@hotmail.com>
To: Drew Burgess <burgess.drewc@gmail.com>, Nathan Burgess
<pilotschoice@hotmail.com>
Subject: letter to attorney general
Date: September 16, 2012 at 1:45:17 PM CDT

Mr Attorney General and Staff,

Please allow me to introduce myself. First of all I am a Christian, saved in 1977 in Ft Worth Texas  at Northside Assembly of God Church. The experience radically changed my life. I immediately stated attending church as often as the doors were opened. I had realized that I was a sinner that had not known about the right way to live my life since I did not understand my need of a savior. I immediately stopped drinking and running around and started a new life of Christian service. I wish I had been able to live completely without sin as the bible encourages us to do, but I did try my best to live to the best possible standards of my church and the community.  I have done my best to live by those standards to this day, of course, not without personal failures, but it is still the way I live and have taught my children to live.

Unfortunately, I lost my wife of 20 years in 2000, so I have raised my three children, Drew, Tiffany and Shaun who range from 23 to 27 years old, all students and exceptional citizens. I have done my best to teach them to believe in law and order, however, these current events are stressing us to the point of doubt as to the accuracy of my teachings; the police have been abusive and so has the court system.

We are currently in an appeals process for a 24 hour notice to vacate which is not legal in Texas, but we have been evicted, at least my kids have from a home in Murphy Texas, yet I was not allowed to participate, yet publically, I have been trashed for being a squatter, etc, but have not been allowed to participate in the eviction process, but have also been accused as having, Naked possession or just plain trespassing. All of the names are pure fabrications of the truth. My children had a written contract with the Castle keeper Inc, and I was invited by my son, Shaun, to stay at the home, and I was at the home from the day of lease until July 11, when we were all illegally disenfranchised by Judge Payton and The Collin County Constables office. On the 13th, of July, I was arrested by Murphy Police, after Officer Hermes, a seargeant with the MPd, under threat of arrest, ordered me onto the property to remove items which

partially touched the street or sidewalk. I under duress and the "Emergency Doctrine" disregarded my own items, immediately followed orders and rapidly removed the items from the curb and sidewalk, (only one item was on the sidewalk). I mistakenly believed that a 200 lb, heat treated, display shelf piece would not break when I pushed it, but it did indeed break, at a thousand dollar loss to myself. I continued removing the other items from the area as ordered by hermes. He told me as I was arrested for breaking the glass, illegal dumping: then proceeded to intimidate my son, trying to arrest him as well. He charged me with illegal dumping and disorderly conduct, blocking the street; however it has since been dismissed and a new charge, (unreasonable noise) has been added.

On Sept 4th, 2012, another charge has been added and sent to the judge for "PC", the charge, Criminal Mischievous, for knowingly and intentionally destroying, "door". I deny all charges and under duress and unlawful coercion, my civil rights were violated by hermes, when he forced me under threat of arrest to return to the property, then did not like my performance, arrested me. I was told we had 10 minutes to get it done, I then told the officer to do whatever he wanted with the items, but was forced to do the work against my will, then arrested. I claim false arrest and malicious prosecution and ask the attorney general office to investigate these charges thoroughly, as you do have access to the videos from April to July 13th, 2012, and all my words can be validated for accuracy.

I was not allowed to be a defendant; I was not on the property when the officer told me to move the items; I told the officer to do as he wished with the items, after he told me a mover was coming in 10 minutes to remove the items; I was told to go back on the property to remove the items from sidewalk and street under penalty of arrest if I refused to comply; then arrested because I ignorantly broke I shelving piece of my own family possession when I tried to move it incorrectly.

I am currently in an appeals process, which has been going on before any criminal allegations have been made against me, so therefore the papers are needed for evidence in the civil suit, not criminal at this time. Also, I am not violent, never have been, never will be. Lies have been thrown at me from every direction, and if you find any record of violence from me from any source please make me aware of it and I will bring this to the attention of any attorney that may be willing to take my case in the future. At this point, I have no attorney, have not filed any lawsuits and not made

any decisions about lawsuits.

As far as, A "Bomb" comment being made toward the city of "Murphy"; I have sent that information to the FBI, Texas Rangers, ETC, and asked them to investigate it. I was innocently speaking of a civil strategy with the Dallas Morning News reporter, and nothing to do with a device that would harm anyone at all; pure fabrication and lies, as a matter of fact, no mention of the city of Murphy had been made at all up until July 13th, when I was arrested, so therefore, the comment made was well before that date while we were talking of only civil litigation. The "bomb" in question, was concerning 12 months of unpaid fees owed to the defendants by the Plaintiff in the case that could add up to over $400,000 based on his denial of contractual claims in the eviction case. The contract was for employment, Subcontractor work and no fees have been paid; salaries, hourly wages etc. So the "bomb" cited by Mr Farley of the DMN, was purely a "Money Bomb" of counterclaims for the trial against the defendant. All this was done via text messaging from my phone so it can all be verified, and undoubtedly proven that these claims of threats against the City of Murphy or it's employees are false and malicious and designed to deceive and to bring unfair advantage to the city's case by false representations of the truth.

The preceding information is not the work of a trained, "lying lawyer", just a Texas Citizen that you hold the videos and audio to prove my innocence and the disingenuousness of the murphy Police and their reports that I was throwing things onto the property from the truck when they arrived on the scene, which the videos show I was sitting under a shade tree with my kid and his friends when they arrived 6 vehicle strong, blocking the road at both ends, driving like crazy persons back and forth in front of the property, on a quiet residential street, until they stopped and Hermes started his military type crackdown of a peaceful setting of an evicted family trying their best under limited resources to remove their items from the property where the constable's office and Castle keepers unlawfully placed all the items and did not place them in a place off of the property or in a safe storage facility as the writ of possession ordered but left them scattered on the entire square footage of the front lawn of the home and the city gave us until a certain time to remove the items which we were communicating with the City Code department that Had just come by and said we were doing a good job and they would return with police to work something out since it looked like we were running out of time. We never expected such a show of violent force as we received at the hand of

hermes and his officers. Strictly unconstitutional all around.

Hermes them proceeded to make treats about terrorism and stalking charges against my son. Please research this case, it was highly visible in the media and we were made to be Squatters, but in reality we are still fighting a 24 hour notice to vacate. The actions of the court and police department are illegal in our estimations. Please investigate the case and you will see it is over an illegal notice to vacate and nothing else, regardless of media attraction and misrepresentations and outright lies.

Sincerely

Nathan Burgess

PS  Murphy City attorney's have been wrongfully involved in this civil case, gone crazy now, since June 6th, 2012, well before any police or  criminal allegations. She even told the plaintiff attorney, according to statements made by plaintiff attorney during pretrial, that "you get rid of the younger Burgess's and Ill get rid of him, meaning myself". Where were these kind of statements reasonable due to the fact we were in court, under an eviction hearing, and no judgments of any kind had yet been made by the JP Judge? Not legal procedure, unreasonable and unconstitutional.

Thank you